IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-01676-FL

| | |
|---|---|
| ANTONIO TREY JONES, by and through his Guardian Ad Litem, CHARLES M. BRITTAIN III,<br><br>Plaintiff,<br><br>v.<br><br>JAMES THORNTON, *et al.*,<br><br>Defendants. | **ANSWER AND DEFENSES OF THE OHIO CASUALTY INSURANCE COMPANY** |

**Answer**

COMES NOW Defendant The Ohio Casualty Insurance Company, individually and as a subsidiary to Liberty Mutual Insurance Company, and answers the Amended Complaint as follows:

As to the Introduction, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph; therefore, denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

12. Admitted only that Defendant provided a surety bond to Defendant Thornton, which bond speaks for itself. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph; therefore, denied.

13. Admitted only that Defendant may have provided surety bonds for Defendant Thornton, which documents speak for themselves, during portions of the alleged time period; otherwise, denied.

14. Admitted only that Defendant is a subsidiary of Liberty Mutual Insurance Company and may have provided surety bonds for Defendant Thornton, which documents speak for

themselves, during portions of the alleged time period; otherwise, denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, denied.

17. – 266. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

267. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

268. – 273. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

274. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

275. – 280. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

281. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

282. – 285. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

286. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

287. – 293. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

294. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

295. – 302. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

303. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

304. – 315. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

316. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

317. -319. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

320. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

321. – 331. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

332. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

333. – 336. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

337. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

338. – 341. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations in these paragraphs; therefore, denied.

342. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

343. – 347. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

348. The foregoing answers and defenses are incorporated by reference as if fully set forth herein.

349. – 350. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs; therefore, denied.

### First Further Answer and Defense

The claims against Defendant, whose liability is derivative of Defendant Thornton, should be dismissed for failure to state a claim upon which relief may be granted to the same extent such claims should be dismissed as against Defendant Thornton.

### Second Further Answer and Defense

Any claims against Defendant, which Defendant denies, are limited to the penal sum of the Bond. Further, Defendant, in its capacity as surety, is not liable beyond the express terms of its Bond. Any claims not covered by the Bond are barred as a matter of law.

### Third Further Answer and Defense

Any claim against Defendant for costs and/or attorneys' fees should be dismissed, as a matter of law, for failure to state a claim upon which relief may be granted. *Martin v. Hartford Accident & Indemnity Co.*, 68 N.C. App. 534 (1984).

### Fourth Further Answer and Defense

If Plaintiff has failed to mitigate damages or to timely notify Defendant of the alleged loss,

5

then such failure is a complete or partial bar to recovery by Plaintiff on the Bond.

**Fifth Further Answer and Defense**

If it is determined that any applicable statute of limitations has expired, Plaintiff's claims are barred.

**Sixth Further Answer and Defense**

Defendant reserves and does not waive any additional or further defenses as may be revealed by future claims brought against Defendant and by additional information acquired during discovery or otherwise.

**Seventh Further Answer and Defense**

Defendant reserves and does not waive its contractual and common law rights to pursue indemnity against its principal Defendant Thornton.

**Eighth Further Answer and Defense**

To the extent that Defendant Thornton does not adequately represent Defendant's interests, Defendant in its capacity as surety pleads and asserts any and all defenses of its principal, including but not limited to:

1. The defense that none of the alleged losses, including but not limited to the losses complained of in the Amended Complaint, were caused by the breach of any applicable standard of care or fiduciary duty owed to Plaintiff or to Sampson County.

2. The defense that some or all of the alleged losses were proximately caused by persons other than Defendant's principal.

3. The defense that, if Plaintiff failed to mitigate damages or to timely notify Defendant of the alleged loss, then such failure is a complete or partial bar to recovery by Plaintiff.

4. The defense that Plaintiff's claims are barred by the doctrines of waiver, laches,

and estoppel.

5. The defense that, if it is determined that any applicable statute of limitations has expired, Plaintiff's claims are barred.

This the 22nd day of March, 2024.

    /s/Frederick M. Thurman, Jr.
Frederick M. Thurman, Jr.
N.C. Bar No. 26159
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, NC 28280
(704) 375-0057
fthurman@shumaker.com
*Attorneys for Defendant*
*The Ohio Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that the foregoing has been served via the Court's online filing system on all counsel of record.

This the 22nd day of March, 2024.

                                         _/s/Frederick M. Thurman, Jr._____
                                         Frederick M. Thurman, Jr.
                                         N.C. Bar No. 26159
                                         SHUMAKER, LOOP & KENDRICK, LLP
                                         101 South Tryon Street, Suite 2200
                                         Charlotte, NC  28280
                                         (704) 375-0057
                                         fthurman@shumaker.com
                                         *Attorneys for Defendant*
                                         *The Ohio Casualty Insurance Company*

8

Case 7:23-cv-01676-FL   Document 24   Filed 03/22/24   Page 8 of 8