IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:23-CV-01676-FL

| | | |
|---|---|---|
| ANTONIO TREY JONES, by and through is Guardian Ad Litem, CHARLES M. BRITTAIN III, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| JAMES THORNTON, individually and in his official capacity, WILLIAM BRADY, individually and in his official capacity, ANDREW WORLEY, individually and in his official capacity, CHRISTOPHER GODWIN, individually and in his official capacity, SAMPSON COUNTY, and THE OHIO CASUALTY INSURANCE COMPANY, individually, and as a subsidiary to LIBERTY MUTUAL INSURANCE COMPANY, as Surety, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ANSWER FOR JAMES THORNTON, ANDREW WORLEY, CHRISTOPHER GODWIN, AND SAMPSON COUNTY** |
| Defendants. | ) ) ) ) | |

Defendants James H. Thornton, Andrew Worley, Christopher Godwin, and Sampson County (collectively "Defendants"), by and through counsel of record and responding to the Plaintiff's allegations in his Amended Complaint, allege and say as follows:

**FIRST DEFENSE**

Plaintiff's Amended Complaint fails to state, at least in part, a claim against Defendants upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Plaintiff's official capacity claims against James Thornton ("Thornton"), Andrew Worley ("Worley") and Christopher Godwin ("Godwin"), as set forth in his Amended Complaint, are duplicative and should be dismissed.

## ANSWER

### Introduction

The paragraph of Plaintiff's Amended Complaint titled "Introduction" includes allegations that require no response from the Defendants. To the extent that any response is required, it is admitted that Plaintiff Antonio "Trey" Jones ("Plaintiff") confessed to the rape and murder of his 11-year-old neighbor, McKenzie Sessoms.

1.      Denied for lack of information or belief.

2.      It is admitted that Charles M. Brittain is an attorney and that his office is in Cumberland, North Carolina. Except as admitted, denied for lack of information or belief.

3.      It is admitted that Sampson County is a political subdivision of the State of North Carolina and that it has the capacity to sue and be sued. Except as admitted, denied as stated.

4.      Denied for lack of information and belief.

5.      It is admitted that James H. Thornton is a resident of North Carolina and is the Sheriff of Sampson County. It is further admitted that the North Carolina General Statutes related to the powers and authority of a Sheriff speak for themselves and are the best evidence of their content. Except as admitted, denied for lack of information or belief.

6.      It is admitted, on information and belief, that defendant William Brady is or was a special agent employed by the North Carolina State Bureau of Investigation. Except as admitted, denied for lack of information or belief.

7.     It is admitted that Andrew Worley is a resident of North Carolina and that he is employed by Sampson County as a detective in the Sheriff's Office. Except as admitted, denied for lack of information or belief.

8.     It is admitted that Christopher Godwin is a resident of North Carolina and that he is employed by Sampson County as a detective in the Sheriff's Office. Except as admitted, denied for lack of information or belief.

9.     Denied as stated, since Plaintiff does not refer to any specific "acts" or "omissions."

10.     Denied.

11.     It is denied that the Defendants have waived any immunity that may be afforded to any of them by law. Except as admitted, these allegations are denied as stated.

12.     It is admitted that Sheriff Thornton has purchased surety bonds required by North Carolina law. It is denied that Sheriff Thornton has waived any immunity afforded him by law by way of the purchase of such bonds or otherwise. Except as admitted, these allegations are denied.

13.     It is admitted that Sheriff Thornton obtained a bond through a surety for the period at issue in this action. The bonds speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

14.     Denied for lack of information and belief.

15.     Denied for lack of information and belief.

16.     It is admitted that the United States District Court for the Eastern District of North Carolina is a proper venue for this action. Except as expressly admitted, these allegations are denied.

3

17.     It is admitted, on information and belief, that Plaintiff was born in 1999. Except as expressly admitted, these allegations are denied.

18.     Denied for lack of information and belief.

19.     Denied for lack of information and belief.

20.     Denied for lack of information and belief.

21.     Denied for lack of information and belief.

22.     Denied for lack of information and belief.

23.     Denied for lack of information and belief.

24.     Denied for lack of information and belief.

25.     Denied for lack of information and belief.

26.     Denied for lack of information and belief.

27.     Denied for lack of information and belief.

28.     Denied for lack of information and belief.

29.     Denied for lack of information and belief.

30.     Denied for lack of information and belief.

31.     Denied for lack of information and belief.

32.     Denied for lack of information and belief.

33.     Denied for lack of information and belief.

34.     Denied for lack of information and belief.

35.     Denied for lack of information and belief.

36.     Denied for lack of information and belief.

37.     Denied for lack of information and belief.

38.     Denied for lack of information and belief.

39.   Denied for lack of information and belief.

40.   Denied for lack of information and belief.

41.   Denied for lack of information and belief.

42.   Denied for lack of information and belief.

43.   Denied for lack of information and belief.

44.   Denied for lack of information and belief.

45.   Denied for lack of information and belief.

46.   Denied for lack of information and belief.

47.   Denied for lack of information and belief.

48.   Denied for lack of information and belief.

49.   Denied for lack of information and belief.

50.   Denied for lack of information and belief.

51.   Denied for lack of information and belief.

52.   Denied for lack of information and belief.

53.   Denied for lack of information and belief.

54.   Denied for lack of information and belief.

55.   It is admitted, on information and belief, that Plaintiff was 14-years-old on May 5, 2014, and that Plaintiff spoke with two law enforcement officers at his mother's home in Franklin County, North Carolina on that date. Except as expressly admitted, these allegations are denied for lack of information and belief.

56.   It is admitted that McKenzie Sessoms was 11-years-old when she was murdered in her home in Sampson County, North Carolina on or about September 6, 2013. Except as expressly admitted, these allegations are denied for lack of information and belief.

57.     It is admitted that approximately eight months passed between McKenzie Sessoms' death and Plaintiff's conversation with law enforcement officers on May 5, 2014. It is admitted that, on May 5, 2014, Plaintiff was living with his mother in Franklin County but that at the time of McKenzie's murder he was living with his father very close to McKenzie's home in Sampson County. Except as expressly admitted, these allegations are denied for lack of information and belief.

58.     It is admitted that Special Agent William Brady of the North Carolina State Bureau of Investigation and Detective Andrew Worley of the Sampson County Sheriff's Office went to Franklin County to interview Plaintiff. It is also admitted, on information and belief, that it is more than 90 miles from Clinton to Louisburg. It is finally admitted that, with his mother's knowledge and permission, the law enforcement officers talked with Plaintiff on the back deck of his mother's home. Except as expressly admitted, these allegations are denied for lack of information and belief.

59.     It is admitted that, before May 5, 2014, law enforcement officers received information indicating that Plaintiff had behaved inappropriately toward McKenzie. Except as expressly admitted, these allegations are denied.

60.     It is admitted that Special Agent Brady and Detective Worley traveled to Franklin County to interview Plaintiff. Except as expressly admitted, these allegations are denied as stated.

61.     It is admitted that Plaintiff admitted to sexually assaulting and murdering McKenzie Sessoms when he was talking with Special Agent Brady and Detective Worley. Except as expressly admitted, these allegations are denied.

62.     Denied.

6

63.     Denied.

64.     It is admitted that the interview of Plaintiff was not audio recorded. Except as expressly admitted, these allegations are denied.

65.     It is admitted that the interview of Plaintiff could have been recorded by denied that any rule, regulation, or requirement mandated that the interview be recorded. Except as expressly admitted, these allegations are denied.

66.     It is admitted that the interview of the Plaintiff was not a custodial interrogation and so *Miranda* warnings were not required by law. It is admitted that Brady and Worley told Plaintiff and his mother why they were in Franklin County to talk with him. It is also admitted that Plaintiff's mother was allowed to be present for the interview and was present for portions of it, but she chose not to be with her son during other portions of the interview. Except as expressly admitted, these allegations are denied.

67.     Denied.

68.     Denied for lack of information and belief.

69.     Denied for lack of information and belief.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     It is admitted that Plaintiff's mother suggested that an unidentified man sit in on Plaintiff's interview with law enforcement, but that man declined her invitation. Except as expressly admitted, these allegations are denied.

7

76. Denied.

77. Denied.

78. It is admitted that Plaintiff admitted to sexually assaulting and murdering McKenzie Sessoms when talking with Special Agent Brady and Detective Worley on May 5, 2014. Except as expressly admitted, these allegations are denied.

79. It is admitted that Plaintiff admitted to sexually assaulting and murdering McKenzie Sessoms when talking with Special Agent Brady and Detective Worley on May 5, 2014. Except as expressly admitted, these allegations are denied.

80. Denied.

81. Denied.

82. Denied.

83. It is admitted that the interview of the Plaintiff lasted for approximately two hours in total. It is also admitted that Plaintiff did not leave his mother's house during that time. Except as expressly admitted, these allegations are denied for lack of information and belief.

84. Denied for lack of information and belief.

85. Denied for lack of information and belief.

86. Denied for lack of information and belief.

87. Denied.

88. It is admitted, on information and belief, that Plaintiff had no prior dealings with Detective Worley. Except as expressly admitted, these allegations are denied for lack of information and belief.

89. Admitted on information and belief, since Brady and Worley were law enforcement officers working in the scope of their jobs.

8

90.     Admitted.

91.     Denied as to Detective Worley. Otherwise denied for lack of information and belief.

92.     Denied as to Detective Worley. Otherwise denied for lack of information and belief.

93.     The allegations in this paragraph of the Amended Complaint are not directed to Defendants and so no response is required. To the extent that any response is required from Defendants, these allegations are denied for lack of information and belief.

94.     Denied for lack of information and belief.

95.     Denied as stated.

96.     Denied.

97.     It is admitted that Plaintiff's mother and other persons who were believed to be Plaintiff's family members were at Plaintiff's mother's home while Plaintiff was interviewed. Except as expressly admitted, these allegations are denied as stated.

98.     Denied.

99.     Denied.

100.    Denied.

101.    It is admitted that other minors were interviewed as part of the investigation of McKenzie Sessoms' death. If those interviews were recorded, the recordings are the best evidence of the content of those interviews. Except as expressly admitted, these allegations are denied for lack of information and belief.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    It is admitted that by May 2014, law enforcement officers were aware that Plaintiff and McKenzie Sessoms lived near one another and knew one another prior to McKenzie's death. Except as expressly admitted, these allegations are denied.

109.    Denied.

110.    Denied.

111.    It is admitted that Plaintiff was able to speak with Special Agent Brady and Detective Worley on May 5, 2014 without apparent issues. Except as expressly admitted, these allegations are denied.

112.    The transcript of testimony from the suppression hearing related to Plaintiff's confession to sexually assaulting and murdering McKenzie Sessoms speaks for itself and is the best evidence of its content. Except as expressly admitted, these allegations are denied.

113.    The transcript of testimony from the suppression hearing related to Plaintiff's confession to sexually assaulting and murdering McKenzie Sessoms speaks for itself and is the best evidence of its content. Except as expressly admitted, these allegations are denied.

114.    The transcript of testimony from the suppression hearing related to Plaintiff's confession to sexually assaulting and murdering McKenzie Sessoms speaks for itself and is the best evidence of its content. Except as expressly admitted, these allegations are denied.

115.    Denied as to Detective Worley. Otherwise denied for lack of information and belief.

116.    Denied as to Detective Worley. Otherwise denied for lack of information and belief.

117.    Denied as to Detective Worley. Otherwise denied for lack of information and belief.

118.    Denied as to Detective Worley. Otherwise denied for lack of information and belief.

119.    Denied as to Detective Worley. Otherwise denied for lack of information and belief.

120.    Denied as to Detective Worley. Otherwise denied for lack of information and belief.

121.    Denied as to Detective Worley. Otherwise denied for lack of information and belief.

122.    Denied.

123.    It is admitted, on information and belief, that Plaintiff's mother had him involuntarily committed at Franklin Regional Medical Center or an associated medical facility. Except as expressly admitted, these allegations are denied.

124.    The allegations in this paragraph are not directed to Defendants and, therefore, no response is required from them. To the extent a response is required, these allegations are denied.

125.    The allegations in this paragraph are not directed to Defendants and, therefore, no response is required from them. To the extent a response is required, these allegations are denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    It is admitted that Plaintiff was arrested for the sexual assault and murder of McKenzie Sessoms on or about May 7, 2014. Except as expressly admitted, these allegations are denied.

132.    It is admitted that Detective Godwin interviewed Plaintiff at the Sampson County Sheriff's Office in the early morning hours of May 7, 2014. That interview was recorded and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that interview, and except as expressly admitted, these allegations are denied.

133.    Denied for lack of information and belief.

134.    The interview of Plaintiff referenced in this paragraph was recorded and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that interview, and except as expressly admitted, these allegations are denied.

135.    The interview of Plaintiff referenced in this paragraph was recorded and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that interview, and except as expressly admitted, these allegations are denied.

136.    The interview of Plaintiff referenced in this paragraph was recorded and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that interview, and except as expressly admitted, these allegations are denied.

12

137.    The interview of Plaintiff referenced in this paragraph was recorded and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that interview, and except as expressly admitted, these allegations are denied.

138.    The interview of Plaintiff referenced in this paragraph was recorded and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that interview, and except as expressly admitted, these allegations are denied.

139.    It is admitted, on information and belief, that Plaintiff wrote "Atonio" on a form provided to him by the Sampson County Sheriff's Office. Except as expressly admitted, these allegations are denied.

140.    The interview of Plaintiff referenced in this paragraph was recorded and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that interview, and except as expressly admitted, these allegations are denied.

141.    Denied for lack of information and belief. The interview of Plaintiff referenced in this paragraph was recorded and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that interview, and except as expressly admitted, these allegations are denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.     The testimony referenced in this paragraph was recorded or transcribed and is the best evidence of its content. To the extent that Plaintiff misstates or mischaracterizes the content of that testimony, and except as expressly admitted, these allegations are denied.

147.     The testimony referenced in this paragraph was recorded or transcribed and is the best evidence of its content. To the extent that Plaintiff misstates or mischaracterizes the content of that testimony, and except as expressly admitted, these allegations are denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied as stated. It is denied that Detective Godwin was aware that Plaintiff "suffered from an obvious and apparent intellectual disability."

153.     Denied.

154.     Denied.

155.     Denied for lack of information and belief.

156.     The testimony referenced in this paragraph was recorded or transcribed and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that testimony, and except as expressly admitted, these allegations are denied.

157.     The testimony referenced in this paragraph was recorded or transcribed and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that testimony, and except as expressly admitted, these allegations are denied.

14

158.     The testimony referenced in this paragraph was recorded or transcribed and is the best evidence of its content, including the length of the interview. To the extent that Plaintiff misstates or mischaracterizes the content of that testimony, and except as expressly admitted, these allegations are denied.

159.     Denied for lack of information and belief.

160.     It is admitted that Judge Stevens' order speaks for itself and is the best evidence of its content. To the extent that these allegations misstate or mischaracterize the content of the order, and except as expressly admitted, these allegations are denied.

161.     It is admitted that Judge Stevens' order speaks for itself and is the best evidence of its content. To the extent that these allegations misstate or mischaracterize the content of the order, and except as expressly admitted, these allegations are denied.

162.     It is admitted that Judge Stevens' order speaks for itself and is the best evidence of its content. To the extent that these allegations misstate or mischaracterize the content of the order, and except as expressly admitted, these allegations are denied.

163.     Denied for lack of information and belief.

164.     It is admitted that Detective Godwin interviewed Theresa Esposito as part of the investigation of McKenzie Sessoms' murder. That interview speaks for itself and is the best evidence of its content. To the extent that these allegations misstate or mischaracterize the content of the interview, and except as expressly admitted, these allegations are denied

165.     The content of this article speaks for itself and is the best evidence of its content. To the extent that these allegations misstate or mischaracterize the content of the article, and except as expressly admitted, these allegations are denied.

166.     The Juvenile Petition speaks for itself and is the best evidence of its content. To

4877-6372-1892Case 7:23-cv-01676-FL    Document 30    Filed 03/25/24    Page 15 of 38

the extent that these allegations misstate or mischaracterize the content of the Petition, and except as expressly admitted, these allegations are denied.

167.    The Juvenile Petition speaks for itself and is the best evidence of its content. To the extent that these allegations misstate or mischaracterize the content of the Petition, and except as expressly admitted, these allegations are denied.

168.    Admitted.

169.    Denied.

170.    Denied.

171.    It is admitted that the decision to charge Plaintiff with crimes related to McKenzie Sessoms' death shortly after Plaintiff confessed to those crimes. The transcript of testimony from the suppression hearing related to Plaintiff's confession to sexually assaulting and murdering McKenzie Sessoms speaks for itself and is the best evidence of its content. Except as expressly admitted, these allegations are denied

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    It is admitted that Judge Stevens' order speaks for itself and is the best evidence of its content. To the extent that these allegations misstate or mischaracterize the content of the order, and except as expressly admitted, these allegations are denied.

178.    It is admitted that Plaintiff's confession included details of the crimes committed against McKenzie Sessoms. Except as expressly admitted, these allegations are denied.

16

179.     Denied as stated.

180.     It is admitted that the Medical Examiner's report speaks for itself and is the best evidence of its content. To the extent that these allegations misstate or mischaracterize the content of the report, and except as expressly admitted, these allegations are denied.

181.     These allegations are, in part, not directed to the Defendants and so no response is required from them. To the extent that a response is required, it is admitted that Godwin was aware of information from the Medical Examiner at some time during the course of the investigation of McKenzie Sessoms' death. Except as expressly admitted, these allegations are denied.

182.     Denied for lack of information and belief.

183.     Denied for lack of information and belief.

184.     Denied for lack of information and belief.

185.     The report of the Medical Examiner and autopsy report speak for themselves and are the best evidence of their content. To the extent that Plaintiff misstates of mischaracterizes the content of those documents, and except as expressly admitted, these allegations are denied.

186.     Denied for lack of information and belief.

187.     It is admitted that Special Agent Brady and/or Detective Worley spoke with Plaintiff's sister, Jessica, while at Plaintiff's mother's home in Franklin County on or about May 5, 2014. Except as expressly admitted, these allegations are denied.

188.     It is admitted that the conversation with Plaintiff's sister was not audio recorded. Except as expressly admitted, these allegations are denied.

189.     Denied for lack of information and belief.

190.     Denied.

17

191.  Denied.

192.  Denied.

193.  Denied for lack of information and belief.

194.  Denied as stated.

195.  Denied as stated.

196.  Denied.

197.  It is admitted that Judge Stevens' order speaks for itself and is the best evidence of its content. To the extent that these allegations misstate or mischaracterize the content of the order, and except as expressly admitted, these allegations are denied.

198.  Denied.

199.  Denied.

200.  Denied.

201.  Denied.

202.  The documents submitted to the Magistrate related to the charges against Plaintiff are a matter of public record. Those documents speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

203.  Denied.

204.  Denied.

205.  Denied.

206.  Denied.

207.  Denied.

208.  These allegations are not directed to Defendants and so no response is required from them. To the extent that any response is required, these allegations are denied for lack of

information and belief.

209.    These allegations are not directed to Defendants and so no response is required from them. To the extent that any response is required, these allegations are denied for lack of information and belief.

210.    Denied.

211.    Denied as stated.

212.    Denied.

213.    It is admitted that law enforcement officers may sometimes deal with juvenile suspects. Except as expressly admitted, these allegations are denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    These allegations are not directed to Defendants and so no response is required from them. To the extent that any response is required, these allegations are denied for lack of information and belief.

220.    These allegations are not directed to Defendants and so no response is required from them. To the extent that any response is required, these allegations are denied for lack of information and belief.

221.    These allegations are not directed to Defendants and so no response is required from them. To the extent that any response is required, these allegations are denied for lack of information and belief.

222.    These allegations are not directed to Defendants and so no response is required from them. To the extent that any response is required, these allegations are denied for lack of information and belief.

223.    These allegations are not directed to Defendants and so no response is required from them. To the extent that any response is required, these allegations are denied for lack of information and belief.

224.    These allegations are not directed to Defendants and so no response is required from them. To the extent that any response is required, these allegations are denied for lack of information and belief.

225.    It is admitted that James Thornton is the Sheriff of Sampson County and has been at all times since McKenzie Sessoms' death, and that Sheriff Thornton has the authority that comes with this position. Except as expressly admitted, these allegations are denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied for lack of information and belief.

230.    Denied.

231.    Any news report by WRAL News speaks for itself and is the best evidence of its content. It is denied that Sheriff Thornton made any intentionally false or misleading statements related to Plaintiff. Except as expressly admitted, these allegations are denied.

232.    Any news report by The Daily Mail speaks for itself and is the best evidence of its content. It is denied that Sheriff Thornton made any intentionally false or misleading statements related to Plaintiff. Except as expressly admitted, these allegations are denied.

20

233.    Any news report by "a news outlet in Australia" speaks for itself and is the best evidence of its content. It is denied that Sheriff Thornton made any intentionally false or misleading statements related to Plaintiff. Except as expressly admitted, these allegations are denied.

234.    Any news report by WRAL News speaks for itself and is the best evidence of its content. It is denied that Sheriff Thornton made any intentionally false or misleading statements related to Plaintiff. Except as expressly admitted, these allegations are denied.

235.    Denied.

236.    Denied.

237.    Denied. It is specifically denied that Sheriff Thornton made "shocking and malicious false claims" related to Plaintiff.

238.    Denied.

239.    Denied.

240.    It is admitted that the criminal charges against Plaintiff were voluntarily dismissed by the Sampson County District Attorney on or about March 11, 2021. Except as expressly admitted, these allegations are denied.

241.    Denied as stated.

242.    Denied for lack of information and belief.

243.    Denied.

244.    Denied.

245.    Denied.

246.    It is admitted that McKenzie Sessoms was sexually assaulted and murdered in her own home in Sampson County on or about September 6, 2013. It is also admitted, on

information and belief, that her body was discovered by her father in the living room at the family home at about 6:50 a.m. Except as expressly admitted, these allegations are denied.

247.    Admitted.

248.    It is admitted that the murder occurred on a school night. It is admitted, on information and belief, that at least one of the Sessoms brothers had a small group of people over to the building behind the family home on the night of the murder. Except as expressly admitted, these allegations are denied.

249.    It is admitted that law enforcement, including the Sampson County Sheriff's Office, investigated potential suspects related to McKenzie's murder. It is also admitted that Donnie Ray, Ray, and William Lee Sessoms were interviewed and gave DNA samples to law enforcement. Except as expressly admitted, these allegations are denied.

250.    It is admitted that Ray Sessoms was a person of interest in the investigation of McKenzie Sessoms' murder. The text messages referenced in this paragraph of Plaintiff's Amended Complaint speak for themselves are the best evidence of their content. To the extent that Plaintiff misstates or mischaracterizes the content of these messages, and except as expressly admitted, these allegations are denied.

251.    It is admitted that the results of the investigation into McKenzie Sessoms death, including any online searches by Ray Sessoms, speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

252.    It is admitted that Alan Campos was considered a person of interest in the investigation of McKenzie Sessoms' murder. The text messages and interview referenced in this paragraph of Plaintiff's Amended Complaint speak for themselves are the best evidence of their content. To the extent that Plaintiff misstates or mischaracterizes the content of these messages

or the interview, and except as expressly admitted, these allegations are denied.

253.    It is admitted that William Lee Sessoms was considered a person of interest early on in the investigation into McKenzie Sessoms' death since he was a resident of the same home. It is also admitted that William Lee Sessoms provided information that indicated that he might have been the last person to see McKenzie alive. Except as expressly admitted, these allegations are denied.

254.    It is admitted that Donnie Ray Sessoms was considered a person of interest early on in the investigation into McKenzie Sessoms' death since he was a resident of the same home. It is denied that Donnie Ray Sessoms was ever considered a viable suspect in the death of his daughter, however. Except as expressly admitted, these allegations are denied.

255.    It is admitted that the results of the investigation into McKenzie Sessoms death speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

256.    It is admitted that initial news reports about McKenzie's death included certain information about the crime but denied that they included complete details about the circumstances of the crime. Those reports speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

257.    It is admitted that certain DNA results were pending in the spring of 2014. It is also admitted, on information and belief, that McKenzie Sessoms' family members wanted her murder solved. It is denied that McKenzie's family put any undue pressure on law enforcement to solve her murder and further denied that any hope for a resolution of her murder caused the Defendants to violate Plaintiff's civil rights or otherwise do or fail to do anything that caused harm to Plaintiff. Except as expressly admitted, these allegations are denied.

258.    It is admitted that McKenzie's aunt lived within walking distance of McKenzie's home, and that McKenzie's aunt had a swimming pool. It is also admitted, on information and belief, that McKenzie sometimes spent time at her aunt's home after school or at other times. Except as expressly admitted, these allegations are denied.

259.    It is admitted that law enforcement officers talked with Austin Johnson and Penchealea Jacobs as part of their investigation of the death of McKenzie Sessoms. The content of the recorded interview or interviews speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

260.    It is admitted that law enforcement officers talked with Austin Johnson and Penchealea Jacobs as part of their investigation of the death of McKenzie Sessoms. The content of the recorded interview or interviews speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

261.    Denied.

262.    It is admitted that law enforcement has received various DNA test results related to McKenzie Sessoms' death. It is admitted that those DNA test results speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

263.    It is admitted that law enforcement has received various DNA test results related to McKenzie Sessoms' death. It is admitted that those DNA test results speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

264.    It is admitted that law enforcement has received various DNA test results related to McKenzie Sessoms' death. It is admitted that those DNA test results speak for themselves and are the best evidence of their content. Except as expressly admitted, these allegations are denied.

265.    It is admitted that no one has been convicted of the murder or sexual assault of

24

McKenzie Sessoms and that no one, other than Plaintiff, has been charged with those crimes to date. Except as expressly admitted, these allegations are denied.

266.    Denied.

267.    Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if fully set out here.

268.    It is admitted that Sheriff Thornton and Detectives Godwin and Worley were acting within the course and scope of their positions with the Sampson County Sheriff's Office at all times related to the investigation of the death of McKenzie Sessoms and related events. Except as expressly admitted, these allegations are denied.

269.    It is admitted that Plaintiff was placed under arrest on or about the evening of May 6, 2014. It is also admitted that probable cause existed to charge Plaintiff with one or more criminal offenses related to McKenzie Sessoms' death. It is denied that Sheriff Thornton was involved in the arrest of Plaintiff. Except as expressly admitted, these allegations are denied.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if fully set out here.

275.    It is admitted that Plaintiff was charged with criminal offenses related to the death of McKenzie Sessoms. It is denied that Sheriff Thornton instituted or caused those criminal charges to be instituted. Except as expressly admitted, these allegations are denied.

276.    Denied.

277.   Denied.

278.   It is admitted that the charges brought against Plaintiff related to the death of McKenzie Sessoms were voluntarily dismissed by the Sampson County District Attorney on or about March 11, 2021. Except as expressly admitted, these allegations are denied.

279.   It is admitted that Plaintiff was granted pre-trial release after he was arrested. Except as expressly admitted, these allegations are denied.

280.   Denied.

281.   Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if fully set out here.

282.   Denied.

283.   Denied.

284.   Denied.

285.   Denied.

286.   Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if fully set out here.

287.   These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied, including all sub-parts.

288.   It is admitted that Plaintiff confessed to sexually assaulting and murdering McKenzie Sessoms, and that this confession was used at multiple stages of the criminal process. Except as expressly admitted, these allegations are denied.

289.   These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations

are denied.

290.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

291.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

292.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

293.    Denied.

294.    Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if fully set out here.

295.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied, including all sub-parts.

296.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

297.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

298.    These allegations are, in part, directed to someone other than the Defendants and

so no response is required from them. To the extent that a response is required, these allegations are denied.

299.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

300.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

301.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

302.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

303.    Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if set out here.

304.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied, including all sub-parts.

305.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

306.    These allegations are, in part, directed to someone other than the Defendants and

28

so no response is required from them. To the extent that a response is required, these allegations are denied.

307.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

308.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

309.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

310.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

311.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

312.    It is admitted that about eight months elapsed between McKenzie Sessoms' death and Plaintiff's confession. Except as admitted, these allegations are denied.

313.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

314.    These allegations are, in part, directed to someone other than the Defendants and

so no response is required from them. To the extent that a response is required, these allegations are denied.

315.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

316.    Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if set out here.

317.    It is admitted that Sheriff Thornton and Detectives Godwin and Worley were acting within the course and scope of their positions with the Sampson County Sheriff's Office at all times related to the investigation of the death of McKenzie Sessoms and related events. Except as expressly admitted, these allegations are denied.

318.    These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

319.    Denied.

320.    Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if set out here.

321.    It is admitted that at all times since McKenzie Sessoms death, James Thornton has been the Sheriff of Sampson County and has held the authority that comes with that office. Except as expressly admitted, these allegations are denied as stated.

322.    Denied.

323.    Denied.

324.    These allegations are directed to someone other than the Defendants and so no

response is required from them. To the extent that a response is required, these allegations are denied for lack of information and belief.

325.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

326.     Denied.

327.     Denied.

328.     These allegations are directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

329.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

330.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

331.     Denied.

332.     Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if set out here.

333.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

334.     These allegations are, in part, directed to someone other than the Defendants and

so no response is required from them. To the extent that a response is required, these allegations are denied.

335.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

336.     Denied.

337.     Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if set out here.

338.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

339.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

340.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

341.     Denied.

342.     Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if set out here.

343.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

344.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

345.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

346.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

347.     Denied.

348.     Defendants re-allege and incorporate by reference their responses to all preceding paragraphs of Plaintiff's Amended Complaint as if set out here.

349.     These allegations are, in part, directed to someone other than the Defendants and so no response is required from them. To the extent that a response is required, these allegations are denied.

350.     Denied.

ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE <u>DENIED</u>, INCLUDING PLAINTIFF'S PRAYER OR DEMAND FOR RELIEF.

### <u>THIRD DEFENSE</u>

At all times relevant to Plaintiff's Complaint, the conduct of Defendants was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiff. Therefore, Defendants are entitled to the defense of qualified immunity, which is hereby pled in bar to each of Plaintiff's civil rights claims.

## FOURTH DEFENSE

No Defendant was deliberately indifferent to Plaintiff's rights at any relevant time.

## FIFTH DEFENSE

At all times relevant to this action, Defendants Thornton, Worley, and Godwin were public officials, acting in their official capacity, and entitled to public officer or public official immunity, which is pleaded in bar of Plaintiff's claim.

## SIXTH DEFENSE

At all times relevant to this matter, Defendants Thornton, Worley, and Godwin were acting in their official capacities and carrying out functions in the course and scope of his employment with Sampson County. Defendants are entitled to the defenses of governmental immunity and sovereign immunity, which is hereby pled in bar to Plaintiff's claim.

## SEVENTH DEFENSE

Any restriction or condition complained of was reasonably related to a legitimate governmental goal.

## EIGHTH DEFENSE

The arrest, indictment, and prosecution of Plaintiff were supported by probable cause at all times.

## NINTH DEFENSE

Plaintiff's Amended Complaint is barred by the public duty doctrine, particularly since any injury to Plaintiff did not occur as a direct result of any alleged negligence on the part of the County, its officers or employees, and due to the discretionary nature of the acts of this Defendant at issue.

## TENTH DEFENSE

34

Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine to the extent that the alleged "conspirators" were all employed by Sampson County and acted, at the times relevant to Plaintiff's claims, within the course and scope of such employment.

## ELEVENTH DEFENSE

Legal justification is pled as an affirmative defense in bar of Plaintiff's right to recover in this action.

## TWELFTH DEFENSE

Defendants should incur no liability in this action because at the time of the acts alleged in the Complaint, they acted in good faith, in conformance with the policies and procedures of the Sampson County Sheriff's Office, without any wrongful intent, and with a reasonable belief that their conduct was in conformance with North Carolina state law and federal laws, as well as consistent with the U.S. and N.C. Constitutions. All claims against James Thornton, Andrew Worley, or Christopher Godwin in their individual capacities should be dismissed.

## THIRTEENTH DEFENSE

The allegations contained in Plaintiff's Complaint fail to establish by clear and convincing evidence that Defendant acted with evil motive or intent or reckless or callous disregard for Plaintiff. Plaintiff's claim for punitive damages is barred by N.C. Gen. Stat. §1D-1, *et seq.* and by the Constitutions and the laws of the United States and North Carolina.

## FOURTEENTH DEFENSE

Plaintiff's claims for damages are barred, or should be reduced and/or limited, pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages, laches and setoffs.

## FIFTEENTH DEFENSE

Defendants plead all applicable statute of limitations in bar to or limitation of Plaintiff's claims against them.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages is in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that it deprives Defendants of property without due process of law. Further, the claim for punitive damages is violative of the Fourteenth Amendment of the Constitution of the United States concerning equal protection and in violation of the Eighth Amendment of the Constitution of the United States prohibiting the imposition of excessive fines.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## EIGHTEENTH DEFENSE

To the extent that Plaintiff attempts to state a claim for defamation, Defendants plead the affirmative defense of truth of any statements made by any of them.

## NINETEENTH DEFENSE

Defendants plead Plaintiff's failure to minimize or mitigate his alleged damages as a bar to or a limitation on his recovery in this action. This includes the doctrine of avoidable consequences.

## TWENTIETH DEFENSE

In the alternative, any alleged, but denied, defamatory statements made by any of the Defendants are protected by qualified privilege because such statements were made in good

faith, without malice, and as part of that person's job duties.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiff seeks recovery for any alleged, but denied, defamatory statements made by any of the Defendants in the course of a judicial proceeding, such a claim is barred by absolute privilege.

To the extent applicable to them, Defendants incorporate the defenses pled by co-defendant William Brady and co-defendant Ohio Casualty.

WHEREFORE, these answering Defendants, having fully responded to Plaintiff's Complaint, prays unto the Court as follows:

1.      That Plaintiff have and recover nothing of these Defendants and that Plaintiff's Complaint be dismissed with prejudice;

2.      That the costs of this action be taxed against the Plaintiff or some other party;

3.      That they have a trial by jury on all contested issues of fact; and

4.      For such other and further relief as this Court deems just and proper.

This the 25th day of March 2024.

                              BY:    /s/ F. Marshall Wall
                                     F. MARSHALL WALL
                                     State Bar No. 26804
                                     CRANFILL SUMNER LLP
                                     Post Office Box 27808
                                     Raleigh, North Carolina 27611-7808
                                     Telephone: 919-828-5100
                                     Fax:  919-828-2277
                                     Email:  mwall@cshlaw.com
                                     *Attorneys for Defendants James Thornton, Andrew Worley, Christopher Godwin, and Sampson County*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:23-CV-01676-FL

ANTONIO TREY JONES, by and through  )
is Guardian Ad Litem, CHARLES M.   )
BRITTAIN III,           )
                )
        Plaintiff,   )
                )    **CERTIFICATE OF SERVICE**
        v.      )
                )
JAMES THORNTON, et al.,    )
                )
        Defendants.  )
_____ )

   The undersigned hereby certifies that on March 25, 2024 the foregoing *Answer* was electronically filed with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system which will send notification of this filing and an electronic copy of same to all counsel of record registered with the CM/ECF system.

        BY:  /s/ F. Marshall Wall
            F. MARSHALL WALL
            State Bar No. 26804
            CRANFILL SUMNER LLP
            Post Office Box 27808
            Raleigh, North Carolina 27611-7808
            Telephone: 919-828-5100
            Fax: 919-828-2277
            Email: mwall@cshlaw.com
            *Attorneys for Defendants James Thornton, Andrew*
            *Worley, Christopher Godwin, and Sampson County*