IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-1676-FL

| | |
|---|---|
| ANTONIO TREY JONES, by and through his Guardian Ad Litem, CHARLES M. BRITTAIN III,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES THORNTON, individually and in his official capacity; WILLIAM BRADY, individually and in his official capacity; ANDREW WORLEY, individually and in his official capacity; CHRISTOPHER GODWIN, individually and in his official capacity; SAMPSON COUNTY; and THE OHIO CASUALTY INSURANCE COMPANY, individually and as a Subsidiary to Liberty Mutual Company, as Surety,<br><br>    Defendants. | REPORT OF THE PARTIES' PLANNING MEETING<br>Fed. R. Civ. P. 26(f) |

1. The undersigned attorneys for all parties certify that a telephone conference was held pursuant to Fed. R. Civ. P. 26(f) on June 6, 2024, within 21 days from entry of the Initial Order Regarding Planning and Scheduling [DE # 34] in this matter, and the meeting was attended by:

 Patrick R. Anstead (N.C. State Bar No. 48259)
 The Richardson Firm, PLLC
 455 Ramsey Street
 Fayetteville, North Carolina 28301
 ***Counsel for Plaintiff***

 F. Marshall Wall (N.C. State Bar No. 26804)

Cranfill Sumner, LLP
5420 Wade Park Boulevard, Suite 300
Raleigh, North Carolina 27607
***Counsel for Defendants Sampson County, James Thornton, Christopher Godwin and Andrew Worley***

Mr. Frederick M. Thurman, Jr. (N.C. State Bar No. 26159)
Shumaker, Loop & Kendrick, LLP
101 South Tryon Street, Suite 2200
Charlotte, North Carolina 28280
***Counsel for Defendant The Ohio Casualty Insurance Company***

Mr. J. Locke Milholland, IV (N.C. State Bar No. 35449)
North Carolina Department of Justice
114 West Edenton Street
Raleigh, North Carolina 27603
***Counsel for Defendant William Brady***

2. **Initial Disclosures.** Within 30 days of the entry of a Scheduling Order in this matter, the parties shall exchange the information required by Federal Rule of Civil Procedure 26(a)(1). The parties agree that, without the need for service of formal requests for production, copies of the documents or materials listed in the parties' Rule 26(a)(1) disclosures shall also be exchanged or made available for inspection and copying within 30 days of the entry of a Scheduling Order in this matter. If at the time of the above production a party needs additional time to produce or make available for inspection or copying certain documents or materials, that party shall so state in its Initial Disclosures.

3. **Discovery Plan**. The parties jointly propose to the Court this discovery plan, which has been filed within fourteen (14) days after the Rule 26(f) conference:

   a. **Nature and Complexity of the Case.** The parties agree that this is a complex case. This case involves claims for the violation of civil

rights and state law claims related to the interrogation, investigation, arrest and prosecution of Plaintiff. Plaintiff claims violations of his civil rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America, and other state law tort claims arising out of the alleged conduct of Defendants. Defendants deny all allegations of wrongdoing in this case and have asserted numerous defenses and immunities in their respective Answers, including but not limited to qualified immunity, public official immunity, sovereign and/or governmental immunity.

b. **Jurisdiction.** This Court has subject matter jurisdiction based on federal questions arising under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America and 42 U.S.C. §§ 1983 and 1985 and original jurisdiction pursuant to 28 U.S.C. 1331 and 1343(a). This Court has jurisdiction over Plaintiff's North Carolina state law claims pursuant to 28 U.S.C. § 1367 because they share a common nucleus of operative facts with Plaintiff's federal claims.

c. **Key Factual or Legal Issues.** At this time, the key factual and legal issues believed to be involved in this case include:

> **Plaintiff's Issues**
>
> i. Whether Defendants violated Plaintiff's right against self-incrimination under the Fifth Amendment.

ii. Whether Defendants elicited a non-voluntary statement from Plaintiff or otherwise coerced a confession.

iii. Whether Defendants did or should have recognized that Plaintiff suffered from an intellectual disability.

iv. Whether Defendants had probable cause to arrest Plaintiff.

v. Whether Defendants committed an unreasonable seizure of Plaintiff within the meaning of the Fourth Amendment.

vi. Whether Defendants maliciously or improperly initiated criminal proceedings against Plaintiff.

vii. Whether Defendants were properly or adequately trained or supervised with regard to juvenile rights and investigations and/or interrogations concerning juvenile suspects.

viii. Whether the Sampson County Sheriff's Department had a policy or custom of reckless or deliberate indifference to juvenile rights.

ix. Whether the North Carolina State Bureau of Investigation had a policy or custom of reckless or deliberate indifference to juvenile rights.

x. Whether Defendants concealed or otherwise failed to disclose to others that Plaintiff suffered from an intellectual disability.

xi. Whether, at any time, Defendants concealed or otherwise failed to disclose to others exculpatory facts or evidence in any form.

xii. Whether Defendants violated Plaintiff's right to due process of law under the 14th Amendment.

xiii. Whether Defendants violated Plaintiff's right to equal protection of the law under the 14th Amendment.

xiv. Whether Defendants acted with discriminatory animus against Plaintiff due to his intellectual disability.

**<u>Defendants Issues</u>**

i. Whether any of the Defendants violated Plaintiff's rights under the 14th Amendment to the United States Constitution.

ii. Whether any of the Defendants violated Plaintiff's rights under the 4th Amendment to the United States Constitution.

iii. Whether any of the Defendants violated Plaintiff's rights under the 5th Amendment to the United States Constitution.

iv. Whether the Defendants had probable cause to arrest Plaintiff.

v. Whether the Defendants had probable cause to charge Plaintiff with one or more criminal offenses.

vi. Whether the conduct of any of the Defendants was malicious, willful, or wanton.

d. **Damages Forecast.** Plaintiff seeks compensatory and punitive damages, related to, *inter alia*, loss of his civil rights and liberties, improper incarceration and/or house arrest, malicious prosecution, reputational harm, emotional suffering and distress, developmental delays, and modest economic damages.

4. **Parties' Plan for Proposed Discovery.**

    a. **Discovery Subjects.** The parties believe that discovery will be needed on the allegations raised by the Plaintiff, Plaintiff's claims for damages, responses and defenses raised by the Defendants, expert discovery, all other issues raised by the pleadings, and other such matters as will lead to the discovery of admissible evidence, subject to the limitations of Rule 26(b) of the Federal Rules of Civil

Procedure. This statement does not waive any objection that a party may have to specific discovery requests.

b. **Bifurcation or Phases.** The parties do not see a need to phase or bifurcate discovery at this time.

c. **Discovery Categories.**

   i. <u>Interrogatories</u>

      a. Plaintiff may serve a maximum of thirty (30) interrogatories, including subparts, upon Sampson County, James Thornton, Christopher Godwin, and Andrew Worley, as a collective group and may serve a maximum of thirty (30) interrogatories, including subparts, on Defendant William Brady;

      b. Defendants Sampson County, James Thornton, Christopher Godwin, and Andrew Worley, as a collective group, may serve a maximum of thirty (30) interrogatories, including subparts, upon Plaintiff and upon Defendant William Brady. Defendant William Brady may serve a maximum of thirty (30) interrogatories, including subparts, upon Plaintiff and upon Sampson County, James Thornton, Christopher Godwin, and Andrew Worley as a collective group.

   ii. <u>Requests for Admission and Requests for Production</u>

a. Plaintiff may serve a maximum of twenty-five (25) requests for admission, including subparts, Defendants Sampson County, James Thornton, Christopher Godwin, and Andrew Worley, as a collective group, and may serve a maximum of twenty-five (25) requests for admission on Defendant William Brady.

b. Defendants Sampson County, James Thornton, Christopher Godwin, and Andrew Worley, as a collective group, may serve a maximum of twenty-five (25) requests for admission upon Plaintiff and upon Defendant William Brady. Defendant William Brady may serve a maximum of twenty-five (25) requests for admission upon Plaintiff and may serve a maximum of twenty-five (25) requests for admission upon Sampson County, James Thornton, Christopher Godwin, and Andrew Worley as a collective group.

c. Requests for Production will be served and responded to in accordance with Rule 34 of the Federal Rules of Civil Procedure.

iii. <u>Depositions</u>

a. The Plaintiff may take a maximum of eight (8) depositions, exclusive of expert witnesses;

b. Defendants Sampson County, James Thornton, Christopher Godwin, and Andrew Worley, as a collective group, may take a maximum of eight (8) depositions, exclusive of expert witnesses;

c. Defendant William Brady may take a maximum of eight (8) depositions, exclusive of expert witnesses;

d. Each deposition shall be limited to one day of seven (7) hours, exclusive of any breaks, unless extended by agreement of the parties or by Order of the Court;

e. The parties may begin the deposition process once the Court has entered its Case Management Order.

d. **Electronic Discovery.** The parties may seek disclosure or discovery of electronically stored information. At this point, the parties are not aware of the full extent of relevant information, if any, that may be stored electronically. Plaintiff has not yet identified any non-party officers for whom Plaintiff will seek electronic information. The following provisions shall apply to any production of electronically stored information:

  i. <u>Form of Production/Preservation</u>: The parties agree that discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business

or, if not reasonably usable in that form, in such other form as is reasonably usable.

ii. <u>Preservation/Retention Steps</u>: The parties further agree that after they are served with a request for production that seeks electronically stored information, they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that the parties are not required to deviate from their normal records retention policies with respect to electronically stored information or other records retention policies with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action.

iii. <u>Privileged or Trial-Preparation Material</u>: The parties do not currently see any issues related to claims of privilege or protection as trial-preparation materials and agree that any such issues that may arise in the future shall be resolved pursuant to the Federal Rules of Civil Procedure. The parties agree that production of any privileged document by any party to this action does not waive the privilege as to any privileged document and that the document can be snapped back as soon as it is discovered by the producing party that any privileged

document was produced upon a reasonable showing to the receiving party that the document was privileged, and without any need for the producing party to show that the production was inadvertent.

iv. <u>Protective Orders:</u> The parties anticipate the need for a protective order governing discovery in this action. Among other things, there is an open criminal investigation related to the charges brought against the Plaintiff. Counsel will confer and attempt to submit a joint protective order within thirty (30) days from the date the Court enters its scheduling order for this case. Plaintiff's counsel anticipates requesting a protective order for Defendants' deposition of Plaintiff. There is no agreement among the parties concerning this matter and the parties did not address it in detail.

v. <u>Discovery Completion Date</u>: All discovery must be completed by **July 1, 2025**.

vi. <u>Supplementation:</u> The parties will supplement discovery as required by Rule 26(e). Such supplementation shall be made within 15 days of the date that the need for supplementation arises, and in any event supplementation of discovery shall be completed by **May 15, 2025** unless the need to supplement arises after that date.

vii. No particular discovery problems are anticipated by the parties. The parties agree that responses by or responses to discovery propounded by one party, may be used in this action by the other parties, even in the event that the propounding or responding party may no longer be a party to this action.

5. **Other Proposed Deadlines**.

    a. **Expert Disclosures and Other Expert Provisions.**

        i. <u>Expert Disclosure Dates</u>: Disclosure of Expert Witnesses by the Plaintiff and reports thereof pursuant to Rule 26(a)(2) shall be due March 14, 2025. Disclosure of Expert Witnesses by the Defendants and reports thereof pursuant to Rule 26(a)(2) shall be due April 28, 2025. Disclosure of Rebuttal Expert Witnesses by the Plaintiff and Defendants and reports thereof pursuant to Rule 26(a)(2), shall be simultaneously due on June 6, 2025.

        ii. <u>Expert Deposition Deadlines</u>: Each designating party shall make experts available for deposition during the sixty (60) day period following that expert's disclosure date.

        iii. <u>Treating Healthcare Providers</u>: Disclosure of treating healthcare providers by the parties shall be done pursuant to Rule 26(a)(2)(c), which shall include identifying the subject matter on which the witness is expected to present

evidence under Federal Rules of Evidence 702, 703 and 705, as well as a summary of the facts and opinions to which the witness is expected to testify, and said disclosures shall be due by March 14, 2025.

   iv. <u>Costs</u>: The costs for expert-related discovery will be borne by the parties as provided by Fed. R. Civ. P. 26(b)(4)(E)(i).

b. **Joining Additional Parties**. Plaintiff may amend his pleadings or add parties by September 6, 2024. Defendants may amend their pleadings or add parties by September 27, 2024. The parties agree that the foregoing does not restrict or apply to amendments made pursuant to Fed. R. Civ. P. 15(b).

c. **Motions.** All motions, including any dispositive motions and motions to exclude experts, shall be filed on or before August 1, 2025. The parties agree that this deadline does not apply to Motions *in limine*.

d. **Pretrial Conference.** The parties propose a Pretrial Conference to be held thirty (30) days after the Court has issued its rulings on all outstanding dispositive motions.

e. **Trial Date.** The parties propose a trial date to occur no earlier than thirty (30) days after the Court has issued its rulings on all outstanding dispositive motions. Trial of the action is expected to take 7-10 days.

f. **Mediation.** The parties agree that mediation will be more productive after conducting the bulk of discovery and agree that a formal mediation will be held on or before the discovery completion date above of July 1, 2025. The prospects for settlement of the matter are unknown at this time.

g. **Magistrate.** No.

h. **Early Pretrial Conference.** The parties do not request a pre-trial conference with the Court at this time.

i. **Scheduling Issues:** Plaintiff's counsel anticipates getting married on May 3, 2025 and respectfully requests any reasonable indulgences by the parties or the Court around this date.

Respectfully submitted this the 28th day of June 2024.

*/s/ Patrick R. Anstead*
Patrick R. Anstead
The Richardson Firm, PLLC
455 Ramsey Street
Fayetteville, North Carolina 28301
**Counsel for Plaintiff**

 /s/ Marshall Wall
F. Marshall Wall
Cranfill Sumner, LLP
5420 Wade Park Boulevard, Suite 300
Raleigh, North Carolina 27607
***Counsel for Defendants Sampson County, James Thornton, Christopher Godwin and Andrew Worley***

 /s/ Frederick M. Thurman, Jr.
Mr. Frederick M. Thurman, Jr.
Shumaker, Loop & Kendrick, LLP
101 South Tryon Street, Suite 2200
Charlotte, North Carolina 28280
***Counsel for Defendant The Ohio Casualty Insurance Company***

_____s/s J. Locke Milholland, IV_____
Mr. J. Locke Milholland, IV
North Carolina Department of Justice
114 West Edenton Street
Raleigh, North Carolina 27603
***Counsel for Defendant William Brady***