IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:23-CV-01676-FL

| | |
|---|---|
| ANTONIO TREY JONES, by and through his Guardian Ad Litem, CHARLES M. BRITTAIN, III<br><br>Plaintiff,<br><br>v.<br><br>JAMES THORNTON, *et al.*,<br><br>Defendants. | **CONSENT PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff and Defendants, (hereinafter jointly referred to as "the Parties"), by and through their undersigned counsel, and with the consent of the N. C. State Bureau of Investigation (hereinafter referred to as "SBI"), by and through its undersigned counsel, requests and stipulate to entry of this Consent Protective Order allowing release of SBI File No. 2013-01714, and any other investigation records identified as responsive to Plaintiff's requests for discovery from Defendants and the SBI to counsel for the Plaintiff and Defendants pursuant to N. C. Gen. Stat. § 132-1.4.

Counsel for the Plaintiff and Defendants and counsel for the SBI further stipulate and agree to the following statements of fact which authorize this court's entry of the consent order:

1. It is anticipated that Plaintiff will serve discovery requests on Defendants and the SBI to assist in their prosecution of the lawsuit filed by the Plaintiff.

2. The SBI Report and other investigation records may be deemed relevant to the subject matter involved in the case before this court.

1

3. The SBI Report and other investigation records are not public records under North Carolina Law but may be released by order of a court of competent jurisdiction pursuant to N.C. Gen. Stat. § 132-1.4.

4. For purposes of this protective order, the term "SBI Report" refers to all materials contained in SBI File No. 2013-01714, including but not limited to photographs, writings, drawings, graphs, charts, recordings, statements, notes, or any other items contained within the investigative file.

5. Except as may be otherwise provided by further order of the Court, the investigation records, including the documents contained in the SBI Report, shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified below.

6. Except as may be otherwise provided by further order of the Court, access to and the use of any investigation records, including the SBI Report, or any part thereof, produced by Defendants and the SBI, shall be disclosed only to the persons identified below:

   a. The Court and its staff.

   b. The parties and attorneys of record for the parties, and their legal assistants; other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents.

   c. Court-Appointed Mediators.

   d. Consultants and technical experts involved in the preparation of this action.

   e. Court reporters, their transcribers, assistants and employees.

    f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness an "Exhibit A" confidential document in order to elicit testimony relevant to the matters at issue in this case; and,

    g. The jury.

7. Counsel, including their agents and employees, may make copies of the investigation records, including the SBI Report, for Plaintiff or Defense experts upon receiving from said experts a written agreement in substantially the same form as "Exhibit A" hereto stating that they will be bound by the terms of the Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiff or Defense experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgements shall be maintained by Plaintiff or Defense counsel. By signing the declaration agreeing to be bound by this Protective Order, each of the Plaintiff or Defense experts submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

8. Individuals and entities who are permitted access to the investigation records, including the SBI Report pursuant to Paragraph 4, are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained herein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

9. Any document designated an investigation record, including the SBI Report, and filed with the Court, and any brief referring to such document shall be filed under seal and shall be made available only to the Plaintiff, Defendants, and/or persons authorized by the terms

of the Protective Order. The party filing any such document shall be responsible for designating to the Clerk that the filing is subject to this Protective Order and is to be kept under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany this request with a motion to seal and a supporting memorandum of law specifying:

    a. The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested.

    b. Where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access.

    c. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access.

    d. The reasons why alternatives to sealing are inadequate; and,

    e. Whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Said party shall also serve a copy of said motion upon legal counsel for the SBI.

10. At the conclusion of this litigation, each document produced by Defendants or the SBI and subject to this Protective Order shall be destroyed or returned to counsel for Defendants or the SBI for destruction.

11. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate, including but

not limited to moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

SO ORDERED this the _____ day of _____, 2024.

_____
United States District Court Judge

AGREED TO BY:

| | |
|---|---|
| J. Locke Milholland<br>N. C. Department of Justice<br>Public Safety Section<br>P. O. Box 629<br>Raleigh, NC 27602-0629<br>jmilholland@ncdoj.gov<br>*Attorney for William Brady* | Austin Katherine Smith Sistrunk<br>Cranfill Sumner & Hartzog, LLP<br>101 3rd Street, Suite 400<br>Wilmington, NC 28401<br>asistrunk@cshlaw.com<br>*Attorney for James Haywood Thornton,*<br>*Andrew Worley, Christopher Godwin,*<br>*and Sampson County* |
| Patrick R. Ansted<br>The Richardson Firm, PLLC<br>455 Ramsey Street<br>Fayetteville, NC 28301<br>patrick.anstead@therichardsonfirm.com<br>*Attorney for the Plaintiff* | F. Marshall Wall<br>Cranfill Sumner & Hartzog, LLP<br>P. O. Box 27808<br>Raleigh, NC 27611<br>*Attorney for James Haywood Thornton,*<br>*Andrew Worley, Christopher Godwin,*<br>*and Sampson County* |
| Frederick M. Thurman, Jr.<br>Shumaker, Loop & Kendrick, CCP<br>101 S. Tryon Street, Suite 2200<br>Charlotte, NC 28280<br>fthurman@slk-law.com<br>*Attorney for The Ohio Casualty*<br>*Insurance Company* | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:23-CV-01676-FL

| | | |
|---|---|---|
| ANTONIO TREY JONES, by and through his Guardian Ad Litem, CHARLES M. BRITTAIN, III | ) ) ) ) ) | |
| Plaintiff, | ) ) | **EXHIBIT A: CONFIDENTIALITY AGREEMENT** |
| v. | ) ) | |
| JAMES THORNTON, *et al.*, | ) ) | |
| Defendants. | ) | |

I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information regarding the N. C. State Bureau of Investigation in the case of *Antonio Trey Jones, et al. v. James Thornton, et al.,* Case No. 7:23-CV-01676-FL, United States District Court for the Eastern District of North Carolina. I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information or documents disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for the purposes of this litigation. I also agree to return to counsel of record no later than sixty (60) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order or disclosed to me pursuant to the Order

(whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said order.

_____
Signature

_____
Printed Name

_____
Date