**EXHIBIT 1**

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:23-CV-01676-FL

| | |
|---|---|
| ANTONIO TREY JONES by and through his Guardian Ad Litem, Charles M. Brittain, III,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HAYWOOD THORNTON, individually and in his official capacity; WILLIAM T. BRADY, individually and in his official capacity; ANDREW WORLEY, individually and in his official capacity; CHRISTOPHER GODWIN, individually and in his official capacity; SAMPSON COUNTY; and THE OHIO CASUALTY INSURANCE COMPANY individually and as a subsidiary to Liberty Mutual Insurance Company, as Surety,<br><br>Defendants. | **AFFIDAVIT OF ROBERT STANLEY BROWN, JR., M.D.** |

**NOW COMES** Robert Stanley Brown, Jr., M.D., being first duly sworn and saying as follows:

1. My name is Robert S. Brown, Jr., M.D. I am more than eighteen years of age, a citizen and resident of Charlottesville, Virginia, and am legally competent to make this affidavit.

2. The opinions I offer in this affidavit are well within my expertise, qualifications, education, training, and experience, and they are stated with a reasonable medical probability. A true and correct copy of my curriculum vitae, setting forth my relevant qualifications, is attached hereto as Exhibit A.

3. I am a physician duly licensed to practice medicine in Virginia, West Virginia, and North Carolina. I am board certified in the following specialties: internal medicine, psychiatry, and forensic psychiatry.

4. I have reviewed available medical records for Antonio "Trey" Jones from 1999 to the present, which includes the period in which he was detained on charges of rape and murder.

5. I am aware that Mr. Jones allegedly confessed to these crimes in 2014 during a two-hour interrogation by law enforcement. I am also aware that charges against him were dismissed in 2021 since his confession conflicted with DNA results and other evidence in the case.

1

6. Along with reviewing his medical records, I have met with and evaluated Mr. Jones on two occasions: December 17, 2024 and January 8, 2025.

7. Mr. Jones suffers from a low Full-Scale IQ score of 55, at least two learning disabilities, attention deficit disorder, a seizure disorder, and cerebral palsy. His conditions implicate a number of concerns that need to be considered when being deposed in this matter.

8. Mr. Jones' intellectual disability is a condition that affects countless aspects of his day-to-day life. He has difficulty with ordinary tasks like writing his own name and cannot read or write beyond a first-grade level. His minimal ability to read, write, or reason prevented him from being able to complete simple mental health inventories.

9. In one meeting, I administered the Montreal Cognitive Assessment to Mr. Jones. He could not copy a simple cube, make a clock face correctly, or perform a Trail Making Test. He also often makes unrelated comments to appear more normal than he is intellectually.

10. The Social Security Administration originally found that Mr. Jones was severely disabled as a child. He received special education in public schools but was unable to benefit due to his complex disabilities. His biological father, Antonio Jones, continues to be his caretaker and Supplemental Security Income payee. Mr. Jones has never held a driver's permit or a regular job, and he does not know the date without looking at a cell phone.

11. Mr. Jones' intellectual disability is particularly noticeable in his interactions with others, as people with intellectual disabilities often struggle with tasks such as conveying feelings, controlling anger, and asserting opinions. These are all areas he struggles in, and they were evident when law enforcement first interrogated him in 2014 at his mother's residence.

12. When law enforcement arrested Mr. Jones in 2014, he proved incapable of meaningfully understanding or comprehending the basic elements of the Miranda warnings. Back then and even now, he would not be able to understand the difference between being questioned by law enforcement in or out of custody.

13. The pressures of that initial 2014 interrogation by law enforcement also led to Mr. Jones suffering an emotional breakdown and being involuntarily committed to a hospital.

14. His memory is generally limited. For example, others must remind him to take his seizure medications. Despite his memory issues, he can recall the traumas he went through while in custody and awaiting an outcome on the charges against him.

15. Owing to his limited memory, Mr. Jones proved unable to do various other tasks I asked of him. He could not repeat three numbers (7, 4, and 2) backwards or subtract serial sevens. He had difficulty repeating a 13-word sentence spoken slowly to him, and he was unable to think of 11 words in a minute that began with the letter "F". He could only recall two of five words in the span of five minutes.

16. Despite his memory issues, Mr. Jones can recall the traumas he went through while he was in custody at juvenile detention centers and awaiting trial on the charges against him.

17. Mr. Jones is overly compliant with adults, particularly those in a position of authority. Due to his compliant nature, Mr. Jones often will answer "yes" to questions, even if he knows or should know that such an answer is imprecise or wrong. He answers in a similar manner to questions that he does not comprehend.

18. A deposition's formal context, unusual setting, and unfamiliar questioner is likely to have a negative influence on the accuracy and completeness of any answers Mr. Jones offers.

19. Because of the foregoing, Mr. Jones has a limited ability to sit for a deposition in this matter and answer questions that attorneys ask him. There is a high probability that Mr. Jones will not perform well with providing accurate answers to such questions.

20. If Mr. Jones must be deposed, there must be some agreed-upon measures to try and correct his otherwise truthful but inaccurate answers that he may offer. These measures could also limit the potential effects that a deposition may have on him.

21. The persons present at Mr. Jones' deposition, if one is to occur, should be limited to those who are strictly needed, like the parties' attorneys, the court reporter, and a judge who is supervising the deposition. No defendants should be present since intentionally or not, their presence could intimidate Mr. Jones or cause him to become overwhelmed and emotional.

22. Owing to his condition, Mr. Jones would likely benefit from the presence of his guardian ad litem. The presence of his father would also be beneficial, as his presence is comforting and emotionally supportive for Mr. Jones.

23. Because of his limited cognitive ability, his capacity to offer answers will likely deteriorate over time in a deposition. To alleviate that, the deposition should be limited to about three hours and include appropriate breaks.

24. To potentially reduce the adversarial feeling of a deposition and the chances that Mr. Jones may become overwhelmed, it may be ideal for the deposition to be taken and recorded via Zoom or another virtual platform.

25. As Mr. Jones continues to suffer from a seizure disorder, it may be necessary to interrupt the deposition if he has a seizure and resume it later. The same measure may also be needed if Mr. Jones is asked to recall and report the abuse he sustained while in custody at juvenile detention centers, as such traumas continue to overwhelm him.

26. Similarly, Mr. Jones may be capable of answering some simply worded questions that are asked in a deposition. He will not understand complex questions or those worded in the negative such as, "Is it not true…?" Compound questions will also be too difficult for him.

Further the affiant sayeth not.

_____
Robert Stanley Brown, Jr., M.D.

STATE OF Virginia
COUNTY OF Albemarle

Sworn to and subscribed before me this 10 day of January, 2025.

Christina M. Thomas, Notary Public

My Commission Expires: June 30, 2026

> CHRISTINA M THOMAS
> NOTARY PUBLIC
> REG. #7522490
> COMMONWEALTH OF VIRGINIA
> MY COMMISSION EXPIRES JUNE 30, 2026