EXHIBIT 2



**RALEIGH OFFICE**

5420 WADE PARK BLVD., SUITE 300 (27607)
POST OFFICE BOX 27808
RALEIGH, NORTH CAROLINA 27611-7808
TELEPHONE (919) 828-5100
FAX (919) 828-2277

F. MARSHALL WALL
ATTORNEY AT LAW
DIRECT DIAL: (919) 863-8743
DIRECT FAX: (919) 863-3501
EMAIL: MWALL@CSHLAW.COM

WWW.CSHLAW.COM

23 December 2024

**By email only:**
Robert H. Jessup
RJessup@howardstallings.com
Howard Stallings
5410 Trinity Road, Suite 210
Raleigh, NC 27607

Patrick R. Anstead
patrick.anstead@therichardsonfirm.com
The Richardson Firm, PLLC
455 Ramsey Street
Fayetteville, NC 28301

Re:  ***Antonio "Trey" Jones v. Sampson County, et al.***
       **Court File  :  7:23-cv-01676-FL**
       **CS File  :  10022.0000009**

Dear Robby and Patrick:

I write in response to Robby's two letters sent via email on December 18, 2024 and prior email communications about depositions in this action.

One of the December 18 letters requested production of all of the County's insurance policies covering any part of the period from September 6, 2013 to March 11, 2021; there was no corresponding interrogatory requesting identification of the policies. On July 30, 2024, we served our clients' Initial Disclosures in this action. We identified the insurance policy that was also referenced in the response to the Plaintiff's second request for production titled "Request for Production of Documents Regarding Sources of Financial Protection or Indemnification" (Request #1) and also in the response to Plaintiff's First Request for Production (Request #12). As you have seen, we served our clients' First Supplemental Initial Disclosures on December 19, 2024. I attached another copy here as well. Those supplemental disclosures identified insurance policies in place during the period of time in question. Our clients do not have copies of these policies at this time but we are working to obtain them and will certainly produce copies to you if and when they are received. Please understand that our firm is not coverage counsel in this matter and so we are not making any representation that any insurance policy actually provides coverage for the Plaintiff's claims in this action.

With regard to your second letter sent on December 18, 2024 and related to your request for production of personal financial and other information about the individual defendants, we expect that we may able to agree in principle to a resolution of this issue along the lines of the one crafted by the Court in *Blount v. Wake Electric Membership Corp.*, 162 F.R.D. 102 (E.D.N.C. 1993), with the additional caveat that any documents or information produced by our individual clients must be subject to a protective order governing the use and disclosure of the information. The Consent Protective Order previously entered by the Court [DE 41] does not appear to cover this kind of information and so a second order will be needed. Please let us know whether that is acceptable. If so, we can confirm this agreement with our individual clients and prepare the draft consent order(s).

You requested dates for the depositions of the four individual defendants in this action. We propose **January 30 or 31, or February 3 or 4** for the depositions of our individual clients. These dates are subject to final confirmation of the availability of each individual party. I expect that we will host these depositions at my office in Raleigh. Please let me know if these dates work for you.

As we have previously discussed, you plan to depose Officers Worley and Godwin and Sheriff Thornton before any Rule 30(b)(6) of Sampson County, since the three of them would likely be the witnesses who would give testimony for the County on many of the topics set out in your proposed Notice. As also discussed, I will prepare a proposed stipulation to the effect that the individuals' testimony will also serve as the County's testimony on certain topics and will write to you separately on that issue. I will also go ahead and provide you with our objections to the **95** deposition topics in your proposed Notice so that we can attempt to address those issues as well.

We need to schedule the depositions of the **Plaintiff, Jessica Lou Jones, Amy Jones,** and **Rhonda Wright**. Please let us know as soon as possible when these witnesses can be available for their depositions and where you would propose that the depositions take place. If you would prefer that we reach out to the witnesses directly (other than your client, of course), please let us know that no later than January 3, 2025.

We do not think that a phone call is necessary to address any of these issues at this time.

Finally, our firm has been substituted as counsel for the Sheriff's surety in this action and so you do not need to copy Derick Thurman on communications about the case moving forward. Thank you.

With best regards, I am

Sincerely,

F. Marshall Wall

FMW/

Cc:    J. Locke Milholland (by email only)
       Austin Sistrunk (by email only)



December 23, 2024

*Via Email & Certified Mail*
F. Marshall Wall, Esq.
Austin K. Sistrunk, Esq.
Cranfill Sumner LLP
Post Office Box 27808
Raleigh, NC 27611-7808
MWall@cshlaw.com
asistrunk@cshlaw.com

**Re: Antonio Trey Jones v. James Thornton, et al.**
**Civil Action No. 7:23-CV-01676-FL**

Dear Mr. Wall and Mr. Sistrunk,

I write in response to your December 23, 2024, correspondence:

1. **Insurance Policies**: The County has access to and must maintain copies of its own insurance policies to comply with applicable law, as they are public records that it is required to retain and produce. These policies are specifically identified in the County Defendants' Initial Disclosure Response and are directly responsive to Plaintiff's Request for Production No. 1. The County can and must produce these policies. If the policies are not produced promptly, we will have no choice but to engage in motions practice, seeking attorneys' fees to compel the County to hand over documents it either has copies of or can readily obtain through a simple call to its insurance broker. Additionally, this is the first time we are hearing about coverage counsel, please provide their identity where we may also be able to communicate with them.

2. **Protective Order for Individual Defendants' Financial Information**: We have no objection to a consent order governing the production of the individual defendants' financial information. Please provide a draft of the proposed protective order for our review and input, and I am sure we can work this out expeditiously.

3. **Depositions**: The dates you proposed for the individual defendants' depositions (January 30 and 31, and February 3 and 4) are acceptable, and we will notice the depositions to occur at your Raleigh office shortly.

4. **Other Deposition Requests of Third-Party Witnesses**: I will be out of the country until the first week of January and will provide a formal response regarding other deposition requests upon my return.

5. **Deposition of Trey Jones**: Given Mr. Jones's profound intellectual disabilities, as established by judicial order, and his lack of competency, we insist that his deposition be taken before the U.S. District Court Judge presiding over this case. We request that we come to an agreement on an order facilitating this arrangement. Please let us know if this is acceptable, and if not, we will move for a protective order to ensure that Mr. Jones's deposition is handled appropriately.

5410 Trinity Road, Suite 210 | Raleigh, NC 27607 • PO Box 12347 | Raleigh, NC 27605
Case 7:23-cv-01676-FL    Document 46-2    Filed 01/20/25    Page 4 of 8
P 919.821.7700 | F 919.821.7703 | howardstallings.com

Please feel free to contact me with any questions or concerns. I look forward to your prompt response to these matters.

Sincerely,
**Robert "Robby" Jessup**
Howard Stallings Law Firm
5410 Trinity Road, Suite 210
Raleigh, NC 27607
Phone: (919) 821-7700
Fax: (919) 821-7703
Email: rjessup@howardstallings.com

**RALEIGH OFFICE**

5420 WADE PARK BLVD., SUITE 300 (27607)
POST OFFICE BOX 27808
RALEIGH, NORTH CAROLINA 27611-7808
TELEPHONE (919) 828-5100
FAX (919) 828-2277

F. MARSHALL WALL
ATTORNEY AT LAW
DIRECT DIAL: (919) 863-8743
DIRECT FAX: (919) 863-3501
EMAIL: MWALL@CSHLAW.COM

WWW.CSHLAW.COM



23 December 2024

**By email only:**
Robert H. Jessup
RJessup@howardstallings.com
Howard Stallings
5410 Trinity Road, Suite 210
Raleigh, NC 27607

Patrick R. Anstead
patrick.anstead@therichardsonfirm.com
The Richardson Firm, PLLC
455 Ramsey Street
Fayetteville, NC 28301

Re:    ***Antonio "Trey" Jones v. Sampson County, et al.***
       **Court File  :    7:23-cv-01676-FL**
       **CS File      :    10022.0000009**

Dear Robby and Patrick:

I write in response to Robby's letter sent earlier today. For ease of reference, I have cut-and-pasted the body of that letter here and included my responses below each section. My responses are below in blue.

1. **Insurance Policies**: The County has access to and must maintain copies of its own insurance policies to comply with applicable law, as they are public records that it is required to retain and produce. These policies are specifically identified in the County Defendants' Initial Disclosure Response and are directly responsive to Plaintiff's Request for Production No. 1. The County can and must produce these policies. If the policies are not produced promptly, we will have no choice but to engage in motions practice, seeking attorneys' fees to compel the County to hand over documents it either has copies of or can readily obtain through a simple call to its insurance broker. Additionally, this is the first time we are hearing about coverage counsel, please provide their identity where we may also be able to communicate with them.

   As noted in my letter earlier today, copies of the policies have been requested. We are not refusing to provide the information, but the County does not have copies of all of the policies (going back more than 10 years). I do not understand the sudden urgency of this request. We will produce these as soon as we have them, but if you feel the need to engage in motions practice on this issue, you certainly can.

I do not know whether this is coverage counsel related to this action. The point of my letter was to point out that our firm is <u>not</u> coverage counsel and we have not and will not make representations about coverage in this case. Again, here is what I said in that letter: "Please understand that our firm is not coverage counsel in this matter and so we are not making any representation that any insurance policy actually provides coverage for the Plaintiff's claims in this action."

2. **Protective Order for Individual Defendants' Financial Information**: We have no objection to a consent order governing the production of the individual defendants' financial information. Please provide a draft of the proposed protective order for our review and input, and I am sure we can work this out expeditiously.

Thank you. We will follow up with our clients about this issue and will be in touch with you after the first of the year.

3. **Depositions**: The dates you proposed for the individual defendants' depositions (January 30 and 31, and February 3 and 4) are acceptable, and we will notice the depositions to occur at your Raleigh office shortly.

Please see my email earlier this afternoon about this issue. Please coordinate Mr. Brady's deposition with his attorney.

4. **Other Deposition Requests of Third-Party Witnesses**: I will be out of the country until the first week of January and will provide a formal response regarding other deposition requests upon my return.

Thank you. Enjoy your trip and we will be on the lookout for deposition dates for these witnesses the first of January.

5. **Deposition of Trey Jones**: Given Mr. Jones's profound intellectual disabilities, as established by judicial order, and his lack of competency, we insist that his deposition be taken before the U.S. District Court Judge presiding over this case. We request that we come to an agreement on an order facilitating this arrangement. Please let us know if this is acceptable, and if not, we will move for a protective order to ensure that Mr. Jones's deposition is handled appropriately.

We will not agree that the Plaintiff's deposition has to be taken before Judge Flanagan or any other judicial official.

With best regards, I am

Sincerely,

F. Marshall Wall

FMW/

Cc:   J. Locke Milholland (by email only)
      Austin Sistrunk (by email only)