IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:23-CV-01676-FL

| | |
|---|---|
| ANTONIO TREY JONES, by and through his Guardian Ad Litem, CHARLES M. BRITTAIN, III<br><br>Plaintiff,<br><br>v.<br><br>JAMES THORNTON, *et al.*,<br><br>Defendants. | **CONSENT PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff and Defendants (the "Parties"), by and through their undersigned counsel, and with the consent of the North Carolina State Bureau of Investigation ("SBI"), by and through its undersigned counsel, stipulate and request entry of this Consent Protective Order.

## RECITALS

1. On September 3, 2025, Plaintiff filed a Motion to Compel seeking production of an unredacted version of a supervisory Case File Review Memorandum apparently from Defendant William Brady's SBI personnel file ("the Unredacted Memo").

2. The Memo, in redacted form, was previously produced. The unredacted version contains case numbers, identifiers, and information concerning other SBI investigations.

3. The SBI, through counsel, has agreed to release the Unredacted Memo subject to an appropriate protective order.

4. Plaintiff has agreed to withdraw the pending Motion to Compel only to the extent this Protective Order is entered and the Unredacted Memo is produced pursuant to its terms.

1

5. The Parties agree the Unredacted Memo is potentially relevant to the claims and defenses in this litigation and should be produced with protections to ensure confidentiality.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. **Protected Document.** The Unredacted SBI Case File Review Memorandum concerning Defendant Brady, dated January 2018, is designated as confidential and subject to this Protective Order.

2. **Use of Protected Document.** Except as otherwise provided by further order of the Court, the Unredacted Memo shall be used solely for purposes of this litigation, including depositions, motion practice, mediation, and trial, and shall not be used for any other purpose.

3. **Persons with Access.** Access to and use of the Unredacted Memo shall be limited to:

    (a) The Court and its staff;

    (b) The Parties, their counsel of record, and associated staff;

    (c) Court-appointed mediators;

    (d) Expert witnesses or consultants, provided they execute the acknowledgment attached as *Exhibit A*;

    (e) Court reporters, videographers, and their staff;

    (f) Deposition and trial witnesses, as necessary to elicit testimony;

    (g) The jury.

4. **No Restriction on Witness Inquiry.** Nothing in this Protective Order shall prohibit Plaintiff's counsel from contacting, interviewing, or deposing attorneys, parties, or other individuals involved in the cases identified within the Unredacted Memo, including inquiring of them regarding the conduct of Defendant William Brady and any potential deviations from SBI policy in those matters. Such communications shall not constitute a

violation of this Protective Order, provided that counsel does not disclose or reproduce the Unredacted Memo itself except as otherwise authorized herein.

5. **Filing Under Seal.** Any filing of the Unredacted Memo, or portions thereof, shall comply with Local Civil Rule 79.2 and be filed under seal, subject to judicial determination. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

6. **Post-Litigation Disposition.** At the conclusion of this litigation, all copies of the Unredacted Memo shall either be returned to counsel for the SBI or destroyed, with certification of destruction provided to opposing counsel.

IT IS THEREFORE adjudged and decreed that the undersigned counsel for Defendant Brady and the SBI produce the unredacted memo to the parties of record listed below.

SO ORDERED this the 18th day of September, 2025.

*Louise W. Flanagan*
Louise Wood Flanagan
United States District Court Judge

AGREED TO BY:

J. Locke Milholland
N. C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, NC  27602-0629
jmilholland@ncdoj.gov
*Attorney for SBI and Defendant Brady*


Scott Lewis and Lance Martin
Butler Snow, LLP
6752 Rock Spring Rd., Ste 310
Wilmington, NC  28405
Scott.Lewis@ButlerSnow.com
Lance.Martin@ButlerSnow.com
*Attorneys for William Brady*

| | |
|---|---|
| Robert H. Jessup | F. Marshall Wall and Ryan Bostic |
| Howard Stallings Law Firm | Cranfill Sumner & Hartzog, LLP |
| 5410 Trinity Rd. Ste 210 | P. O. Box 27808 |
| Raleigh, NC  27607 | Raleigh, NC  27611 |
| RJessup@HowardStallings.com | *Attorneys for James Haywood Thornton,* |
| *Attorneys for the Plaintiff* | *Andrew Worley, Christopher Godwin,* |
| | *and Sampson County* |

Patrick R. Ansted
The Richardson Firm, PLLC
455 Ramsey Street
Fayetteville, NC  28301
patrick.anstead@therichardsonfirm.com
*Attorneys for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
FILE NO. 7:23-CV-01676-FL

| | |
|---|---|
| ANTONIO TREY JONES, by and through his Guardian Ad Litem, CHARLES M. BRITTAIN, III<br><br>Plaintiff,<br><br>v.<br><br>JAMES THORNTON, *et al.*,<br><br>Defendants. | **EXHIBIT A:<br>CONFIDENTIALITY AGREEMENT** |

    I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information regarding the N. C. State Bureau of Investigation in the case of *Antonio Trey Jones, et al. v. James Thornton, et al.,* Case No. 7:23-CV-01676-FL, United States District Court for the Eastern District of North Carolina. I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information or documents disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for the purposes of this litigation. I also agree to return to counsel of record no later than sixty (60) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order or disclosed to me pursuant to the Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said order.

5

_____
Signature

_____
Printed Name

_____
Date