# ANTONIO TREY JONES IRREVOCABLE TRUST

THIS IRREVOCABLE TRUST AGREEMENT, made the _14th_ day of _April_, 2026, between ANTONIO TREY JONES, hereinafter sometimes called the Grantor, and OLD NORTH STATE TRUST, LLC, hereinafter called the Trustee,

WITNESSETH:

## ARTICLE I

## NAME OF TRUST

This trust shall be known as the "ANTONIO TREY JONES IRREVOCABLE TRUST." Property or other assets titled in the name of the trust may be titled in the name of "OLD NORTH STATE TRUST, LLC, Trustee, or the successors in trust, under the ANTONIO TREY JONES IRREVOCABLE TRUST, dated _April 14_, 2026" or in any other way to show the trust as being the owner of the assets held by the trust.

## ARTICLE II

## TRUST IRREVOCABLE

This Agreement hereby is declared to be irrevocable. No one shall have the right to alter or amend this Agreement in any way.

## ARTICLE III

## TRUSTEE PROVISIONS

A. <u>Appointment of Trustee</u>. OLD NORTH STATE TRUST, LLC shall serve as the initial Trustee of all trusts created under this Agreement with full power and authority to exercise all powers and authority herein granted. The Grantor requests that the Trustee engage LIVE OAK PRIVATE WEALTH, LLC to provide investment services to the trust.

B. <u>Expenses</u>. Any Trustee shall be entitled to reimbursement for out-of-pocket expenses incurred.

C. <u>Compensation of Individual Trustee</u>. Any individual Trustee shall be entitled to reasonable compensation for services as Trustee. Any individual Trustee appointed by a person having the authority hereunder to make such appointment shall be entitled to receive

1

Exhibit C

Case 7:23-cv-01676-FL     Document 85-4     Filed 05/21/26     Page 1 of 15

such compensation, if any, as shall be directed in the instrument appointing such individual as Trustee.

D.  Compensation of Corporate Trustee. Except as otherwise established in accordance with a written agreement between the Trustee and the person having the authority to appoint a successor Trustee, as compensation for its services, any corporate Trustee shall be entitled to retain from income (or principal) the commissions stipulated in its regularly adopted schedule of compensation in effect and applicable at the time of the performance of such services.

E.  Resignation, Removal, and Appointment of Trustee. Each Trustee hereunder (whether originally designated herein or appointed as successor) shall have the right to resign at any time by giving thirty (30) days' written notice to that effect to ANTONIO TREY JONES and to the Trust Protector. ANTONIO TREY JONES shall have the right to remove any Trustee.

If there is a vacancy in the Trustee role, ANTONIO TREY JONES shall have the right to appoint a successor Trustee. Any appointment of a successor Trustee pursuant to this paragraph E shall be made in writing. A successor Trustee may be an individual approved by the Trust Protector or a bank or a trust company. Any bank or trust company appointed as a Trustee pursuant to this Article must be qualified to act as such in the state which is the principal place of administration of the trust; possess trust powers; and manage, or serve as agent or custodian for, assets of not less than Fifty Million Dollars ($50,000,000).

F.  General Trustee Provisions. No bond or other surety shall be required of any Trustee serving hereunder. No Trustee shall be required to qualify before any court.

The Trustee shall render or cause to be rendered an annual account of the administration of the trust showing all receipts, disbursements and investments of the trust to ANTONIO TREY JONES and the Trust Protector. No other person shall be entitled to information regarding or an accounting of the trust unless directed by ANTONIO TREY JONES.

No one dealing with the Trustee is required to see to the application by the Trustee of the funds or other properties it receives. The Trustee shall not be liable for

2

Case 7:23-cv-01676-FL    Document 85-4    Filed 05/21/26    Page 2 of 15

depreciation in the value of properties held in trust or for reasonable errors of judgment, or for any act, or failure to act, not amounting to negligence, bad faith or positive wrongdoing.

No judicial proceeding or approval shall be required with respect to any resignation of a Trustee or the appointment of a successor Trustee; and no approval shall be required by any Court of the accounting or other records of any Trustee hereunder, specifically including the final accounting of the original or other previous Trustee.

A successor Trustee may indicate acceptance of the trusteeship by signing an instrument to that effect and delivering it to the then acting Trustee, if any, or by any other method allowed by law. Any successor Trustee hereunder shall possess and exercise all powers and authority herein conferred on the original Trustee.

G.     Authority. If ANTONIO TREY JONES becomes incompetent or incapacitated, then his authority under this Article may be exercised by (i) his agent under a durable power of attorney, or if none, (ii) his general guardian or guardian of his estate, or if none, (iii) the guardian of his person, and information, accountings, and notice shall be delivered to that person instead of ANTONIO TREY JONES.

ARTICLE IV

TRUST PROTECTOR

A.     Appointment of Trust Protector. CHARLES M. BRITTAIN, III shall serve as Trust Protector of the trust created under this Agreement. The Grantor authorizes CHARLES M. BRITTAIN, III to nominate and appoint by document duly executed a successor Trust Protector to serve upon his death, incapacity, or resignation. Upon the death, incapacity or resignation of CHARLES M. BRITTAIN, III and if no successor has been appointed as provided above, the Brittain Law Firm (or its successor, whether by merger, name change, consolidation, or otherwise) may nominate and appoint a successor Trust Protector, or if such law firm fails or declines to make such appointment, then the Clerk of Court in the County where ANTONIO TREY JONES resides may make such appointment.

B.     Compensation of Trust Protector. If CHARLES M. BRITTAIN, III serves as Trust Protector hereunder, he shall be entitled to compensation for his services as Trust

3

Case 7:23-cv-01676-FL   Document 85-4   Filed 05/21/26   Page 3 of 15

Protector at his usual hourly rate; or, if he shall not then maintain an hourly rate, he shall be entitled to reasonable compensation. Any other individual Trust Protector appointed hereunder shall be entitled to reasonable compensation commensurate with the duties and responsibilities assumed.

C.     Resignation and Removal of Trust Protector. Each Trust Protector hereunder (whether originally designated herein or appointed as successor) shall have the right to resign at any time by giving thirty (30) days' written notice to that effect to ANTONIO TREY JONES and to the Trustee. The Trust Protector (including any contingent or successor Trust Protector) may be removed at any time by ANTONIO TREY JONES. Such right of removal shall be exercisable by thirty (30) days' written notice to the Trust Protector. In the event the Trust Protector is removed, any successor Trust Protector nominated and appointed by the Trust Protector shall be disqualified from serving, and in such case the Clerk of Court in the County where ANTONIO TREY JONES resides shall appoint the successor Trust Protector.

D.     General Successor Trust Protector Provisions. Any appointment of a successor Trust Protector pursuant to this Article shall be made in writing. Any successor Trust Protector appointment pursuant to the terms of this Article may be an individual or a bank or trust company qualified to act as such in North Carolina (or in the state of residence of any of the current beneficiaries if all are non-residents of North Carolina) and possessing trust powers.

E.     Powers of the Trust Protector. In addition to the powers expressly granted to the Trust Protector in this Agreement, the Trust Protector shall have the following powers:

1.     Modification. The Trust Protector may, with respect to any trust as to which the Trust Protector is acting, modify or amend:

a.     the Trustee provisions of ARTICLE III relating to the identity, qualification, succession, removal and appointment of the Trustee; and

b.     any administrative provisions of this Trust Agreement (except that the Trust Protector may not alter the compensation provided the Trustee hereunder without its consent).

4

Any modification or amendment of any trust pursuant to the terms of this subparagraph 1 shall be effected by written notice delivered ANTONIO TREY JONES and the Trustee.

2.  <u>Fiduciary Capacity</u>. Except as otherwise expressly provided in this Agreement, the rights and powers conferred on the Trust Protector under this Agreement including, without limitation, the power to remove and replace the Trustee and all rights and powers granted the Trust Protector under subparagraph 1 above, shall be exercisable only in a non-fiduciary capacity.

3.  <u>No Power of Appointment</u>. Notwithstanding any other provision of this Agreement, the Trust Protector shall not have the authority to and shall not participate in the exercise of a power or discretion conferred under this Agreement that would cause the Trust Protector to possess a general power of appointment within the meaning of Sections 2041 and 2514 of the Internal Revenue Code.

4.  <u>Release of Powers</u>. By a written instrument delivered to the Trustee, the Trust Protector acting from time to time on its own behalf and on behalf of all successor Trust Protectors, may at any time irrevocably release, renounce, suspend or modify to a lesser extent any or all powers and discretions conferred to the Trust Protector under this Agreement.

5.  <u>Special Liability Provisions</u>. The Trust Protector shall not be held liable to the Trust or to any beneficiary or third party for any loss, damages, or other consequences resulting from its action or failure to act, and the Trust shall indemnify the Trust Protector against any and all claims, liabilities, penalties and cost, including attorney fees, arising from any error of judgment, mistake of law, or any action or failure to act by the Trust Protector, unless such liability or loss shall be proven by clear and convincing evidence to have resulted directly from the Trust Protector's gross negligence or willful misconduct.

Without limiting the generality of the forgoing, the Trust Protector shall not be liable to the Trust or to any beneficiary if the Trust Protector adds or increases the shares of one or more beneficiaries and eliminates or

5

reduces the shares of other beneficiaries in the trust income or principal. Such power is exercisable in the Trust Protector's sole discretion.

The Trust Protector shall not be responsible, directly or indirectly, for the administration of this Trust. The Trust Protector shall be entitled to rely entirely on the Trustee's administration of the Trust, shall be entitled to rely on the presumption that, and is under no duty to determine or make inquiry whether, the Trustee's administration is in accordance with the terms of this Trust or applicable law or with the Grantor's wishes or objectives, and shall have no duty, other than its Trust Protector duties set forth in this instrument, to review or make any recommendations regarding the administration of the Trust. The Trust Protector shall have no liability for any loss of trust property or other consequences resulting from the Trustee's administration of the Trust and shall be fully indemnified by the Trust for any liability for any loss of trust property or other consequences resulting from the Trustee's administration of the Trust.

<div align="center">

ARTICLE V

DISPOSITIVE PROVISIONS

</div>

The trust estate shall be administered and disposed of as provided below.

A.    Distributions During Lifetime of ANTONIO TREY JONES. All or any part of the net income and principal of this trust shall be paid to or applied for the benefit of ANTONIO TREY JONES, in such manner and at such intervals and in such amounts as the Trustee from time to time shall deem requisite or desirable for the health, education, support or maintenance of ANTONIO TREY JONES. In addition, if the Trustee is a bank or trust company, the Trustee may distribute income and principal for any reason to or for the benefit of ANTONIO TREY JONES provided it determines in its sole discretion that such distribution is consistent with the best interests of ANTONIO TREY JONES. Any income not so used may be accumulated as income or may be transferred to principal and reinvested; and any funds so accumulated may subsequently be used in any manner as provided herein. During the lifetime of ANTONIO TREY JONES, the Trustee, in the exercise of the discretionary authority herein granted, shall give primary consideration to the present and future needs of ANTONIO TREY

<div align="center">6</div>

Case 7:23-cv-01676-FL    Document 85-4    Filed 05/21/26    Page 6 of 15

JONES. The interests of the issue of ANTONIO TREY JONES or any potential remainder beneficiaries shall not be a consideration of the Trustee.

B. <u>Lifetime Power of Appointment.</u> In addition, ANTONIO TREY JONES may appoint trust assets in favor of his issue, and upon receiving such written directions of appointment, the Trustee shall act in accordance with those directions of appointment and shall have no liability for doing so. For sake of clarity, ANTONIO TREY JONES' issue are only permissible appointees of this trust, and they shall have no rights as beneficiaries hereunder.

C. <u>Special Distributions for House, Furnishings, and Vehicle</u>. ANTONIO TREY JONES may direct the Trustee to distribute up to one-third (1/3) of the initial value of this trust once funded for purposes of purchasing a home for ANTONIO TREY JONES, furnishings for that home, and a vehicle. Upon receiving such directions in writing, the Trustee shall make the requested distributions and shall have no liability for doing so.

D. <u>Distribution Upon Death of ANTONIO TREY JONES</u>. Upon the death of ANTONIO TREY JONES, he shall have the right to appoint part or all of the remainder of the assets of this trust or payable to this trust to any appointee or appointees, including his creditors, his estate, or his estate's creditors, outright or in trust, as he shall determine. Such right shall be exercised, if at all, by ANTONIO TREY JONES through directions in an effective Last Will and Testament or Codicil specifically referring to this power of appointment. If this power of appointment is not exercised over all or some portion of the remaining trust assets, then so much of the remainder of this trust that shall not have been disposed of by the exercise of such power of appointment shall be distributed in accordance with the residuary clause of the Last Will and Testament of ANTONIO TREY JONES, or, if none, then to the heirs-at-law of ANTONIO TREY JONES, determined pursuant to the North Carolina law of intestate succession in effect at the time of death of ANTONIO TREY JONES.

In any distribution under this paragraph B, if any beneficiary shall be under the age of twenty-one (21) years at the time of such distribution, the Trustee shall deliver such beneficiary's share to itself or any other person the Trustee shall select as custodian under the North Carolina Uniform Transfers to Minors Act or under the provisions of any similar statute.

7

The receipt of the beneficiary's share by the custodian shall constitute a full acquittance of the Trustee with respect to the share so delivered.

For purposes of this paragraph B, the Trustee may rely upon an instrument admitted to probate in any jurisdiction as the Last Will and Testament or Codicil of ANTONIO TREY JONES, but if it has no written notice of the existence of such a Last Will and Testament or Codicil within a period of three months after the death of ANTONIO TREY JONES, it may be presumed that ANTONIO TREY JONES died intestate, and the Trustee shall be protected in acting in accordance with such presumption.

## ARTICLE VI

### GENERAL TRUST PROVISIONS

A.      Liability for Actions of Predecessor.  Any successor Trustee is authorized and directed to accept from any prior Trustee the assets delivered by such prior Trustee on the basis of the accounting therefor as submitted by such prior Trustee, without requiring an audit or other independent accounting of the acts of such prior Trustee, and any successor Trustee shall not have any duty, responsibility, obligation or liability whatsoever for the acts or omissions of any prior Trustee.  No successor Trustee shall have any duty or responsibility to examine any action or failure to act on the part of any previous Trustee, and no successor Trustee shall be liable or responsible for any loss or decrease in value of the trust or for any other consequences of the action or failure to act of the original or other previous Trustee hereunder.

B.      Governing Law and Principal Place of Administration.  This Agreement (except as herein otherwise expressly provided) shall be governed by and construed in accordance with, and the administration of properties held in trust hereunder shall be determined by, the laws of the State of North Carolina without regard to the domicile or residence of the Grantor or the situs of any property held in trust hereunder.  The principal place of administration for this Agreement shall be the State of North Carolina.  Provided, however, the Trust Protector, if any, or otherwise the Trustee may change the governing law or principal place of administration without notice to or consent of the beneficiaries if it deems such change to be in the best interests of the beneficiaries.  In the event the Trust Protector or the Trustee, as the

8

Case 7:23-cv-01676-FL     Document 85-4     Filed 05/21/26     Page 8 of 15

case may be, changes the governing law or the principal place of administration, then it shall be authorized to modify and amend the provisions of this Agreement to ensure that the Agreement complies with the provisions of the laws of any new jurisdiction, to the extent feasible and consistent with the intent of the Grantor in creating this Agreement.

      C.    <u>Grammatical Usage</u>. In construing this Agreement, feminine or neuter pronouns shall be substituted for those masculine in form and vice versa, and plural terms shall be substituted for singular and singular for plural in any place in which the context so requires.

      D.    <u>Invalid Provision</u>. If any provision herein or application thereof to any circumstance or situation shall be invalid or unenforceable, in whole or in part, the remainder hereof and the application of such term or provision or covenant to any other circumstance or situation shall not be affected thereby, and each term or provision and covenant herein shall be valid and enforceable to the full extent permitted by the law.

      E.    <u>Power of Substitution</u>. Until the termination or renunciation of the power in this paragraph E, the Grantor (acting in the Grantor's individual, non-fiduciary capacity) at any time and from time to time may acquire assets of the trust by substituting assets of equivalent value.

      1.    The Trustee shall have a duty to ensure that the value of the assets being acquired by the Grantor is equivalent to the value of the assets being substituted. In exercising this duty, the Trustee may rely upon the appraisal of an independent appraiser who is experienced in the appraisal of, and otherwise qualified to appraise, properties of a similar type. In the event that the Trustee determines that the value of the assets to be acquired by the Grantor is not equivalent to the value of the assets being substituted, the Trustee shall have a duty to prevent the acquisition and substitution.

      2.    The Trustee shall have a duty to ensure that this power is not exercised in a manner that would shift benefits between or among the beneficiaries of the trust. The Trustee's good faith determination of this issue shall be binding on all interested parties.

9

Case 7:23-cv-01676-FL    Document 85-4    Filed 05/21/26    Page 9 of 15

3.     If the Grantor is unable to exercise this power, it shall be exercisable by the Grantor's attorney-in-fact under a durable power of attorney, or, if none, then by the guardian of the Grantor's estate.

4.     This power is exercisable by the Grantor or any person serving as attorney-in-fact under a durable power of attorney, or, if none, as the guardian of the Grantor's estate, solely in a non-fiduciary capacity, and no fiduciary duty imposed upon the Trustee or any other person may be asserted as a defense to the exercise of the powers granted under this Article.

Upon the death of the Grantor or the earlier waiver (as provided below) of the power granted under this paragraph E by the person then holding it, such power shall cease to exist and shall be of no further force or effect.

The Grantor (or the Grantor's attorney-in-fact under a durable power of attorney, or, if none, the guardian of the Grantor's estate) may waive this power of substitution by writing delivered to the Trustee, and such waiver shall bind the party who waives such power, the Trustee, and all other persons.

F.     Payment of Legal Fees.  The Trustee is authorized and shall pay the attorneys fees submitted to the Trustee by the law firm of Ward and Smith, P.A. related to the creation and funding of this trust and other matters associated with ANTONIO TREY JONES.

G.     No Assignment or Alienation.  All trusts created hereunder shall be "spendthrift" trusts.  No interest of a beneficiary in a trust created hereunder shall be voluntarily or involuntarily alienated or encumbered by such beneficiary except as may be otherwise expressly provided herein.

ARTICLE VII

POWERS OF TRUSTEE

A.     General Powers.  The Trustee shall receive, hold, manage, convert, sell, exchange, assign, alter, invest, reinvest and otherwise deal with the above-described properties as it in its discretion shall deem to be for the best interests of the beneficiaries hereunder.  Without in any way limiting the generality of the foregoing and subject to North Carolina General

10

Case 7:23-cv-01676-FL     Document 85-4     Filed 05/21/26     Page 10 of 15

Statutes, Section 32-26, the Grantor hereby grants to the Trustee all of the powers set forth in North Carolina General Statutes, Sections 32-27 and 36C-8-815(a)(2) (which includes all of the powers set forth in Section 36C-8-816). These powers hereby are incorporated by reference and made a part of this instrument, and such powers are intended to be in addition to and not in substitution of other powers conferred by law.

B. <u>Power to Select Assets</u>. Notwithstanding any provision herein to the contrary, the Grantor specifically grants to the Trustee the power to make distributions (including the satisfaction of any pecuniary bequests) or any other distribution made of assets of this trust estate, in cash or in specific property, real or personal, or an undivided interest therein or partly in cash and partly in such property, and in installments or all at one time. Assets distributed in kind shall be valued at their date or dates of distribution values.

C. <u>Retention of Original Assets.</u> The Trustee is authorized to retain as an asset of this trust estate any property deposited to the trust by the Grantor during the Grantor's lifetime or transferred to the trust after the death of the Grantor under the terms of the Grantor's Will. Such authority shall not impair the power of sale or exchange or any other powers or discretion given the Trustee, but if such assets or any of them are retained by the Trustee for the duration of the trust or any shorter period of time, the Trustee shall not be responsible or liable for any loss or decrease in the value of such assets or any of them, or the trust, by reason of such retention.

D. <u>Termination of Trusts</u>. Except as otherwise provided in this Agreement, if during the administration of any trust or trusts hereunder, the Trustee determines that the value of any such trust is such that the continuation thereof is uneconomic or the Trustee determines that the continuation of such trust is not in the best interests of the beneficiaries, then the Trustee may terminate any such trust or trusts and deliver the assets, discharged of all trusts, to the surviving beneficiaries who are then or would have been entitled to the income therefrom and in the same proportions; but if no beneficiary is then entitled to a specific portion of such income, then to the living income beneficiaries, <u>per stirpes</u>. If any beneficiary shall be under the maximum age permitted under North Carolina law for assets held in custodianship for minors, the assets

11

Case 7:23-cv-01676-FL    Document 85-4    Filed 05/21/26    Page 11 of 15

otherwise passing to such beneficiary may be delivered to any person the Trustee shall select as Custodian under the North Carolina Uniform Transfers to Minors Act.

E.     Special Fiduciary. Except as otherwise provided in North Carolina General Statutes, Section 36C-8-814, a power conferred upon a fiduciary in his or her capacity as a fiduciary, but not in his or her capacity as beneficiary, which would constitute in whole or in part, a general power of appointment, may not be exercised by such fiduciary. Such powers shall be exercised only by the fiduciary or fiduciaries who are not so disqualified. If there is no fiduciary qualified to exercise the power, it may be exercised by a special fiduciary appointed by the court pursuant to North Carolina General Statutes, Section 36C-8-814. Any corporate fiduciary so named or otherwise appointed shall be entitled to reasonable compensation commensurate with the duties and responsibilities assumed.

## ARTICLE VIII

### TRUST CORPUS

A.     Trust Property. The Grantor has this day delivered to the Trustee Ten Dollars ($10.00) (and the Trustee, by signing this Agreement, acknowledges receipt of said Ten Dollars ($10.00)), together with all that certain property, if any, which is listed on Schedule A, if any, attached hereto and specifically incorporated herein by reference; and the Trustee agrees to hold, administer and distribute all of the aforesaid assets (together with all additions thereto and all reinvestments thereof) as the principal of a trust estate in accordance with the terms and provisions of this Agreement.

B.     Additions to Corpus. The Grantor or any other person may, at any time and from time to time, add cash, securities or other property to the principal of the trust estate herein created, by deed, gift, Will or other means, with the prior consent of the Trustee. Any additions to the trust estate shall be held, administered and distributed as an integral part of the principal thereof in accordance with all of the terms and provisions of this Agreement.

12

Case 7:23-cv-01676-FL     Document 85-4     Filed 05/21/26     Page 12 of 15

STATE OF NORTH CAROLINA

COUNTY OF Cumberland

      I certify that the following person personally appeared before me this day, acknowledging to me that he signed the foregoing document for the purpose(s) stated therein, in the capacity indicated therein: ANTONIO TREY JONES. ANTONIO TREY JONES (check one) ✓ is personally known to me, ___ produced a driver's license (issued by a state of the United States within the last ten (10) years) as identification, or ___ produced other identification, to wit: _____.

Date: 4/14/2026

<div style="margin-left:2em;">

**HOLLY J MCNAIR**
NOTARY PUBLIC
Cumberland County
North Carolina
My Commission Expires 12/1/2v

</div>

Signature of Notary Public

Holly J McNair
Notary's printed or typed name

My commission expires: 12/1/2026

_____
Place SEAL Above This Line

14

<u>TESTIMONIUM</u>

IN WITNESS WHEREOF, the Grantor has signed this Agreement and affixed the seal adopted by the Grantor, affirming thereby that the Grantor has read and understands the provisions of this Agreement; and the Trustee has signed this Agreement and affixed the seal adopted by the Trustee, all as of the date first above stated.

rAntonio Trey Jones     (SEAL)

ANTONIO TREY JONES, Grantor

OLD NORTH STATE TRUST, LLC (SEAL)

by: Keith Manning

its: Senior Trust officer

13

STATE OF NORTH CAROLINA

COUNTY OF __Pitt__

    I certify that __Keith Manning__, Sr. Trust Officer of OLD NORTH STATE TRUST, LLC, personally appeared before me this day, acknowledging to me that he/she signed the foregoing document for the purpose(s) stated therein, in the capacity indicated therein.

    WITNESS my hand and notarial seal, this the __15__ day of __April__, 2026.

_____
Notary Public

My Commission Expires:

__01/27/2031__

Place SEAL Above This Line

550168-00001
ND:4910-8612-4692, v. 1

15