IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-01676-FL

ANTONIO TREY JONES, by and )
through his Guardian Ad Litem, )
CHARLES M. BRITTAIN III, )
)
        Plaintiff, )
)           ORDER OF
      v. )          APPROVAL
)
JAMES THORNTON, individually )
and in his official capacity; WILLIAM )
BRADY, individually and in his )
official capacity; ANDREW WORLEY, )
individually and in his official )
capacity; CHRISTOPHER GODWIN, )
individually and in his official )
capacity; SAMPSON COUNTY; and )
THE OHIO CASUALTY INSURANCE )
COMPANY, individually, and as a )
subsidiary to LIBERTY MUTUAL )
INSURANCE COMPANY, as Surety, )
)
        Defendants. )
_____ )

     THIS MATTER coming before the Honorable Louise W. Flanagan on the Joint Motion

for Court Approval of Compromise Settlement arising from claims for the alleged depravation of

civil rights suffered by Plaintiff Antonio Trey Jones, as a result of alleged police misconduct by

Defendants.  All parties have agreed that the court might review documents of record, find facts

and fully determine the rights of Plaintiff, as represented through his Guardian Ad Litem, Charles

M. Brittain, III.

     The Court finds the facts as follows:

1. Plaintiff is 27 years of age and attorney Charles M. Brittain, III, is the duly appointed and qualified Guardian Ad Litem in this action.

2. Plaintiff suffers from an intellectual disability. Although Plaintiff has never been adjudicated incompetent, the Court finds that the best interest of Plaintiff was served by the appointment of Mr. Brittain.

3. Plaintiff alleges in substance that, on or about May 5, 2014, Defendants coerced Plaintiff, then an intellectually disabled 14-year-old boy, into giving a false confession to the rape and murder of another child. Plaintiff alleges he suffered years of unjust incarceration and physical injuries as a result of the acts and omissions of Defendants.

4. Defendants deny all allegations of misconduct, constitutional violations, wrongdoing and causation of injury in this action.

5. After more than two years of complex, expensive, and hard-fought litigation in this matter with skilled advocacy and representation of all parties involved, Plaintiff and Defendants now come before this Court seeking approval of their compromise settlement to resolve all claims between them in this action.

6. Defendants James Thornton, Christopher Godwin, Andrew Worley, Sampson County, and The Ohio Casualty Company/Liberty Mutual Insurance Company, will hereinafter be referred to collectively as the "Sampson County Defendants."

7. Defendant William Brady will be referred to as "Defendant Brady."

8. Plaintiff and the Sampson County Defendants have agreed, subject to this Court's approval, to settle and compromise all matters at issue in this action. As a material term of said settlement, Plaintiff has agreed to accept in full settlement, satisfaction, release and compromise with prejudice of all claims the sum of Two Million Dollars ($2,000,000) and other

considerations set forth in the Sampson County Defendants' "Release of Claims," which has been reviewed by the Court.

9. Plaintiff and Defendant Brady have agreed, subject to this Court's approval, to settle and compromise all matters at issue in this action. As a material term of said settlement, Plaintiff has agreed to accept in full settlement, satisfaction, release and compromise of his claims the sum of Eight Million Dollars ($8,000,000) and other considerations which funds are to be disbursed as set forth in Defendant Brady's "Settlement Agreement and Release," which has been reviewed by the Court.

10. The "Settlement Agreement and Release" states that the timing of the State's $1,000,000 payment is subject to and contingent upon funding availability, and that the State shall make reasonable efforts to secure funding and process payment once available. The Finding restates those terms and does not enlarge or modify the State's obligations as set forth in the Settlement Agreement.

11. As a part of this settlement approval motion, the Court has also reviewed the Antonio Trey Jones Irrevocable Trust instrument that has been drafted for the benefit of Plaintiff, as well as a description of the Trust services as provided by GAL Charles M. Brittain and Plaintiff's counsel.

12. The Court finds that the Antonio Trey Jones Irrevocable Trust ensures that Plaintiff will receive the full range of benefits and services of professional and conservative asset management and administration that is specifically designed to serve the interests of the beneficiary while also preserving the settlement funds described herein. The Court finds that under the Trust, the assets of Plaintiff will be professionally managed and invested by North State Trust, LLC and Live Oak Private Wealth, LLC for Plaintiff's sole benefit.

13. The Court, having considered the scope and purpose of the Trust, finds it to be in the best interest of Plaintiff for the Court to order the Trust funded as requested by the parties.

14. In addition, and as part of the settlement agreement reached between Plaintiff, Defendant Brady, and the Sampson County Defendants, the Court has reviewed and considered the request of the parties that a substantial portion of Plaintiff's settlement recovery be placed in a qualified structured settlement annuity guaranteed, tax-free-benefits payable to the Trust for the sole and exclusive benefit of Plaintiff, the details of which are outlined and have been reviewed by the Court in Defendant Brady's Settlement Agreement and Release document. The Court has reviewed and considered the details of this structured settlement annuity, and finds that the structured settlement annuity requested by the parties is reasonable and in the best interest of Plaintiff.

15. Accordingly, the Court has reviewed the proposed settlements reached by the parties, the proposed settlement payments, the Trust and proposed structured settlement annuity for Plaintiff's benefit, as well as the proposed distribution of settlement proceeds.

16. The Court finds that the settlement recovery obtained by Plaintiff's counsel represents valuable and substantial compensation obtained for the benefit of Plaintiff, and represents funds that will benefit from the conservative investment and prudent management by qualified financial trust professionals, in the best future interest of Plaintiff, as ensured by the Trust vehicle and structured settlement annuity described herein.

17. This Court finds that it would be in the best interest of Plaintiff for the requested share of the settlement proceeds from the above-described settlement with Defendants to be transferred into and managed by the Antonio Trey Jones Irrevocable Trust in accordance with the terms of said Trust.

18.     The Court has investigated the matters set forth by the parties, and has considered the contentions of the parties, their counsel, and GAL Brittain and finds that it is in the best interest of Plaintiff Antonio Trey Jones for the Court to approve the proposed settlement on the basis it is just, fair, reasonable, and in the best interest of Plaintiff Antonio Trey Jones and all parties involved.

19.     The Court further finds that the amount of expenses and the attorney's fees (40%) contingency fee agreed to be paid to Plaintiff's counsel (The Richardson Firm, PLLC and Howard Stallings Law Firm) for their multiple years of representation of Plaintiff in this matter – both during the times prior to and since the initiation of litigation in this matter in December 2023 – are fair and reasonable based upon the time and labor expended; the skill required; the customary fee for the like work; the experience or ability of the attorneys; the novelty and difficulty of the questions of law; the adequacy of the representation; the difficulty of the problems faced by the attorneys; the kind of case for which fees are sought; the result obtained; as well as based upon the representation of Plaintiff's counsel, and the GAL Mr. Brittain, who understand, consent to, and approve of said expense and fees.

20.     Plaintiff, Plaintiff's GAL, and all Defendants understand that this settlement is final and in full satisfaction, release and compromise of any and all of Plaintiff's claims which have previously arisen, or which may hereafter arise, against all Defendants in this action as a result of the allegations described above, and this settlement is being submitted to this Court for its consideration, sanction, and approval, in order that such settlement may be valid and binding for all purposes according to law.

Based upon the foregoing Findings of Fact, the Court makes the following:

<u>Conclusions of Law</u>

1. The Court has jurisdiction over the parties, of the subject matter of this action, and all parties are properly before the Court;

2. The terms and conditions of the settlement are just, fair, reasonable, and in the best interests of Plaintiff and all parties involved;

3. The prudent investment and professional management of settlement proceeds on behalf of Plaintiff in the Antonio Trey Jones Irrevocable Trust as described more fully above are in the best interest of Plaintiff;

4. The structured settlement annuity terms proposed and requested by those parties to the Brady defendant's settlement agreement are fair, just, reasonable, and in the best interest of Plaintiff and all parties involved;

5. Performance by or on behalf of Defendant William Brady of the obligations described in this Order shall satisfy all obligations Defendant Brady has or may have, now or in the future, upon payment of the settlement proceeds as directed in this Order;

6. Timing of the payment of $1,000,000.00 by the State of North Carolina, through the State Bureau of Investigation, is subject to and contingent upon the State's funding availability. The State of North Carolina is directed to make reasonable efforts to secure funding and process payment in a timely manner. Consistent with the Settlement Agreement, time is not of the essence with respect to the State's contingent payment obligation.

7. NCDOJ's agreement reflects approval solely of the State's $1,000,000.00 self-insured retention and does not indicate approval of any additional settlement amounts, structured-settlement terms, annuity arrangements, or other payment obligations.

8. Performance by or on behalf of the Sampson County Defendants of the obligations described in this Order shall satisfy all obligations the Sampson County Defendants have or may have, now or in the future, upon payment of the settlement proceeds as directed in this Order. Plaintiff shall file a Stipulation of Dismissal, with prejudice, all claims against the Sampson County Defendants within 15 days of receipt of the settlement proceeds due from the Sampson County Defendants.

9. The Court hereby approves the distribution and payment of settlement proceeds as shown in the Distribution Memorandum document provided as Exhibit "B."

10. The Court concludes that the expenses, including unreimbursed case costs, and attorneys' fees charged by The Richardson Firm, PLLC, and Howard Stallings Law Firm, for their representation of Plaintiff are fair, necessary, and reasonable considering the time and labor expended, the skill required, the customary fee for like work, the experience or ability of the attorneys, the adequacy of the representation for which fees are sought, and the result obtained;

11. As part of this settlement approval, the Court has reviewed the Antonio Trey Jones Irrevocable Trust instrument established for the benefit of Plaintiff in this matter, and the Court concludes that the financial investment and support provisions outlined in the Trust for the oversight and management of Plaintiff's settlement proceeds by the third-party professional trustee are fair, just, reasonable, and in the best interest of Plaintiff;

12. Additionally, the Court has reviewed the proposed terms of the structured settlement annuity requested by the parties, and concludes that they are fair, just, reasonable, in the best interests of Plaintiff, and that it is proper for the Court to order that the

requested structured settlement annuity be funded from the settlement proceeds in this matter;

It is therefore, ORDERED, ADJUDGED AND DECREED that;

1. The parties' Consent Motion for Court Approval of Compromise Settlement is hereby GRANTED;

2. The settlements proposed by the Consent Motion are hereby approved.

3. Counsel for Plaintiff shall distribute the settlement proceeds as shown in the Distribution Memorandum provided to and reviewed by the Court.

4. Timing of the payment of $1,000,000.00 by the State of North Carolina, through the State Bureau of Investigation, is subject to and contingent upon the State's funding availability. The State of North Carolina is directed to make reasonable efforts to secure funding and process payment in a timely manner.

5. The State of North Carolina has no obligation to fund, guarantee, administer, or otherwise be responsible for the structured settlement annuity or any periodic payment obligations.  The Court further acknowledges the terms of the Settlement Agreement concerning the State's contingent payment; nothing herein shall be construed to impose obligations on the State beyond those agreed to in the Settlement Agreement.

6. The expenses and attorney's fees charged by The Richardson Firm, PLLC for its representation of Plaintiff are hereby APPROVED.

7. The expenses and attorney's fees charged by the Howard Stallings Law Firm for its representation of Plaintiff are hereby APPROVED.

8. The structured annuity on behalf of Plaintiff is hereby APPROVED.

9. Upon entry of this Order, Plaintiff's counsel and GAL Charles Brittain are hereby authorized and directed to take any other steps necessary to complete the purchase/funding of the structured settlement annuity, and to sign all necessary documents or materials for proper distribution or transfer of settlement funds to fund the annuity and the Antonio Trey Jones Irrevocable Trust to be professionally managed for the benefit of Plaintiff.

10. All settlement funds transferred to the Antonio Trey Jones Irrevocable Trust shall be professionally managed on behalf of Plaintiff in accordance with the terms of the Trust instrument reviewed by the Court.

SO ORDERED, this the 2nd day of June, 2026.

_____

LOUISE W. FLANAGAN
United States District Judge