IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-01676-FL

| | | |
|---|---|---|
| ANTONIO TREY JONES, by and through his Guardian Ad Litem, CHARLES M. BRITTAIN III,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HAYWOOD THORNTON, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **PLAINTIFF'S MOTION FOR JUDICIAL STATUS CONFERENCE REGARDING OUTSTANDING STATE SETTLEMENT PAYMENT**<br><br>Fed. R. Civ. P. 16 |

Plaintiff Antonio Trey Jones, through his Guardian Ad Litem, Charles M. Brittain III, moves under Federal Rule of Civil Procedure 16(a) and (c), Local Civil Rules 7.1 and 16.1(a), and the Court's authority to manage its docket for a judicial status conference concerning the State of North Carolina's unpaid $1,000,000 settlement contribution on behalf of Defendant William T. Brady. In support, Plaintiff states:

1. On June 2, 2026, the Court approved the parties' compromise settlements. DE 86. The order addresses the State's $1,000,000 payment through the State Bureau of Investigation on behalf of Defendant Brady. *Id.*, Findings ¶ 10; Conclusions ¶ 6; decretal ¶¶ 4–5.

2. The order makes the timing of that payment contingent upon funding availability, due to there not being a State Budget passed at the time, and directs the State to make reasonable efforts to secure funding and process payment in a timely manner. It also preserves the limits of the State's agreed obligations. DE 86, Conclusions ¶ 6; decretal ¶¶ 4–5.

3. More than four months after approval, and well after the State has passed a budget, the State's $1,000,000 payment remains unpaid. Plaintiff has not filed a voluntary dismissal as to Defendant Brady. The August 4, 2026 stipulation dismissed only the Sampson County Defendants. DE 87. Although the docket is marked closed, the approval order did not dismiss Brady. To the extent necessary, Plaintiff requests administrative reopening for this limited conference and related status reporting.

4. Following passage of the State budget, Plaintiff's counsel have regularly followed up with J. Locke Milholland IV and Bryan Nichols regarding payment, including during a meet-and-confer conference in the week of October 12, 2026. Neither has provided an expected timetable for the State's payment. Those efforts have not resolved the payment-timing issue. Plaintiff does not present this motion as a consent motion.

5. A conference is needed to establish the present funding status, the efforts made to obtain funding and process payment, the remaining steps, and an anticipated timetable if one can reasonably be determined. If payment timing remains uncertain, regular reports would allow the Court and Plaintiff to monitor progress toward completion of the approved settlement.

6. The Court previously addressed a request for a judicial status conference by directing conferral and reporting concerning finalization of the settlement documents. DE 81. The present request concerns the continued absence of payment and a timetable after entry of the approval order. Plaintiff seeks implementation information consistent with that order, without a present determination of breach or an alteration of the funding contingency.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Convene a judicial status conference, by telephone or video if convenient to the Court, at a date and time set by the Court;

B. Direct Plaintiff's counsel and Defendant Brady's counsel, including counsel addressing the State's contribution, specifically Bryan Nichols, to participate, with a representative knowledgeable about the State's funding and payment process present or reasonably available;

C. Direct Defendant Brady, through counsel and after consultation with the appropriate State personnel, to file a status report within 14 days of the Court's order addressing funding availability, efforts undertaken, remaining approvals or processing steps, and the anticipated payment date or the specific reasons a date cannot yet be provided;

D. Require updated reports every 30 days thereafter until the State's payment is received or further order, with prompt notice upon receipt; and

E. Administratively reopen the matter to the extent necessary for this limited purpose and grant such further case-management relief as is appropriate.

Respectfully submitted this 19th day of October, 2026.

/s/ Robert H. Jessup, IV
Robert H. Jessup, IV
N.C. State Bar No. 42945
HOWARD STALLINGS LAW FIRM
Post Office Box 12347
Raleigh, North Carolina 27605
Telephone: (919) 821-7700
Facsimile: (919) 821-7703
RJessup@howardstallings.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2026, I electronically filed the foregoing Plaintiff's Renewed Motion for Judicial Status Conference Regarding Outstanding State Settlement Payment with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record registered to receive electronic notice, including the following:

J. Locke Milholland IV
jmilholland@ncdoj.gov

J. Scott Lewis
Scott.Lewis@butlersnow.com

Lance Wesley Martin
lance.martin@butlersnow.com

Jacoby Lorenzo Gilmore
jacoby.gilmore@butlersnow.com

F. Marshall Wall
mwall@cshlaw.com

Ryan L. Bostic
rbostic@cshlaw.com

This 19th day of October, 2026.

/s/ Robert H. Jessup, IV
Robert H. Jessup, IV