UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:23-cv-01676-FL

| | |
|---|---|
| ANTONIO TREY JONES, by and through his Guardian Ad Litem, CHARLES M. BRITTAIN, III,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES THORNTON, individually and in his official capacity, WILLIAM BRADY, individually and in his official capacity, ANDREW WORLEY, individually and in his official capacity, CHRISTOPHER GODWIN, individually and in his official capacity, SAMPSON COUNTY, and THE OHIO CASUALTY COMPANY, individually and as a subsidiary to LIBERTY MUTUAL INSURANCE COMPANY, as Surety,<br><br>Defendants. | DEFENDANT BRADY'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDICIAL STATUS CONFERENCE [D.E. 88] |

On October 19, 2026, Plaintiff, by and through his counsel, Robert Jessup, moved this court for a status conference. [D.E. 88]. Although only styled as a Motion for Judicial Status Conference, Plaintiff requests this court rewrite the terms of the agreed upon and court approved settlement by materially altering the terms of payment procedures. Defendant Brady opposes Plaintiff's request to have this Court rewrite the terms of the Settlement Agreement through a status conference as improper, but is willing to join a status conference if the Court deems it helpful.

## I. PROCEDURAL POSTURE

Plaintiff initiated this action by filing his Complaint on December 19, 2023. [D.E. 1]. Plaintiff filed his Amended Complaint on January 23, 2024, primarily asserting claims under 42 U.S.C. § 1983 based on the arrest and pretrial detention of Antonio Trey Jones relating to the rape and murder of an 11-year-old girl. [D.E. 7]. After extensive pretrial litigation [D.E. 45, 57, 64, 70,

77], the parties reached a settlement through private mediation. [D.E. 39, 80]. The parties required further back-and-forth to negotiate the terms of the Settlement Agreement. [D.E. 80, 82, 83]. The parties negotiated a Settlement Agreement, fully executed the Agreement, sought court approval, and obtained court approval on June 2, 2026. [D.E. 86]

## II. AGREEMENT TERMS

The parties negotiated terms for SBI payment to resolve claims asserted against Defendant Brady which included:

> For Insurer AIG to pay Jones a portion of the settlement, to be paid within 90 days of court approval of the agreement. [D.E. 85-1, p 5]
>
> For the State of North Carolina, through the SBI, to pay Jones one million dollars. *Id*.

In a paragraph titled, Timing and Contingency, the parties negotiated that,

> Payment by the State shall be made as soon as practicable after funds are available. Time is not of the essence. The timing of the payment by the State is expressly subject to and contingent upon State funding availability. The State shall make reasonable efforts to secure funding and process payment in a timely manner once funding becomes available, but not before court approval of this settlement.

*Id*.

## III. DISCUSSION

### A. NO NEED FOR STATUS CONFERENCE

Although, as discussed below, Plaintiff's Motion for Judicial Status Conference is premature and not ripe for court involvement, Defendants stand ready to answer any questions the Court may have should the Court deem a status conference to be necessary.

Preliminarily, Plaintiff concedes in his Motion that there is no alleged breach of contract at issue. [D.E. 88, at ¶6]. Without a breach, there is nothing more than speculation of a breach in the

future. Plaintiff has therefore failed to raise any issue requiring Court intervention, and his Motion should be denied as premature.

Additionally, Plaintiff has not alleged a need for court intervention. When compared to the payment obligations of Insurer AIG, there can be no argument that the State has acted unreasonably. Where payment by Insurer AIG was to be made in a timely manner, the parties negotiated and agreed that it must be done by August 31 (90 days from court approval, which occurred on June 2, 2026). In contrast, where payment by the State was "not of the essence," Plaintiff moved for a Judicial Status Conference on October 19, 2026 [D.E. 88], only 49 days after when Insurer AIG's payment could have been considered past due.

As noted, the State specifically and unequivocally negotiated that "time is not of the essence." And to take "reasonable efforts to secure funding and process payment in a timely manner once funding becomes available[.]" [D.E. 85-1]

Plaintiff, in his motion, asserts to the court that "[t]he order makes the timing of that payment contingent upon funding availability, due to there not being a State Budget passed at the time[.]" [D.E. 88, ¶2] No such contingency relating to the State Budget being the determining factor exists in the court's order or in the Settlement Agreement. [D.E. 86, COL 6, Decree 4-5; Settlement Agreement] To the extent the State Budget was discussed as a factor in explaining the lack of funding, it was never intended to be a determinative contingency and was not negotiated into the language of the Settlement Agreement or adopted into the language of the court approval. Therefore, this does not justify asking this Court to go beyond the four corners of the documents.

In light of this, Plaintiff has not demonstrated an unreasonable amount of time has passed, especially given the parties agreement that "time is not of the essence."

## B. THE COURT SHOULD REJECT PLAINTIFF'S REQUEST TO REWRITE THE SETTLEMENT AGREEMENT

Plaintiff's Motion asks this court to essentially rewrite the Settlement Agreement negotiated between and executed by the parties by adding in requirements for the State to provide status reports within 14 days and every 30 days thereafter, detailing: funding "availability, efforts undertaken, remaining approvals or processing steps, and the anticipated payment date or the specific reasons a date cannot yet be provided." [D.E. 88]. "[C]ourts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein." *Boyd v. Teachers Ins. & Annuity Ass'n of Am.*, 807 Fed. Appx. 254 (4th Cir. 2020) (unpublished) (quoting *Hodgin v. Brighton*, 196 N.C. App. 126, 674 S.E.2d 444 (2009)). The absence of delineated steps for demonstrating payment processes does not cause an ambiguity. *Id.*, citing *Myers v. Myers*, 213 N.C. App. 171, 714 S.E.2d 194, 198 (2011). Failing to negotiate steps for demonstrating funding availability in the presence of language recognizing a contingency upon funding availability and time not of the essence, makes court interjection inappropriate. *Id.*, ("[a party]. cannot claim ignorance of the fact that [the other party] required an explanation for the amendment to excuse his failure to negotiate language for the amendment"); See *Helms v. Schultze*, 161 N.C. App. 404, 409, 588 S.E.2d 524, 527 (2003) ("[T]he court's only duty is to determine the legal effect of the language used and to enforce the agreement as written." (internal quotation marks omitted)). Courts are not empowered to rewrite the settlement agreed upon by the parties, including deleting, modifying, or substituting certain provisions. *United States v. E.I. du Pont de Nemours & Co*. 2017 U.S. Dist. LEXIS 119143, FN18 2017 WL 3220449 (W.D.Va. Jul. 28, 2017) (citing *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982)) (in context of approving a consent decree) approving a settlement).

If this court were to grant Plaintiff's requested relief and require periodic status updates informing Plaintiff of specific steps taken to secure funding and process payment, it would be modifying the Settlement Agreement by adding obligations not contemplated by, negotiated, or agreed upon by the parties. The settlement agreement must be interpreted as written; had the plaintiff required payment by a date certain, it should have been negotiated and included in the agreement. *Petrovitch*, 2024 U.S. Dist. Lexis, at *13-14; *Magann Corp. v. Electrical Works*, 203 Va. 259, 264, 123 S.E.2d 377, 381 (1962) ("It is the function of the court to construe the contract made by the parties, not to make a contract for them."). For this reason, Plaintiff's relief requested in his Motion should be denied.

This is not to say that the State will delay payment for an unreasonable amount of time or fail to take action to secure funding. As the Settlement Agreement requires, the State is aware of its obligations under the agreement, will continue to seek out, request, and obtain the necessary funds to meet its obligations and resolve this action.

## IV. CONCLUSION

For the forgoing, Defendants leave the scheduling of a status conference in the sound discretion of the Court, but request that this court deny Plaintiff's effort to rewrite the Settlement Agreement.

Respectfully submitted, this 9th day of November 2026.

**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General
NC State Bar No. 35449
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27699-9001
Telephone: (919) 716-6500
Email: jmilholland@ncdoj.gov

*Counsel for William Brady*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing utilizing the CM/ECF System, which will give notice to counsel of record as follows:

Patrick R. Ansted
patrick.anstead@therichardsonfirm.com
Robert H. Jessup
rjessup@howardstallings.com
*Counsel for Plaintiff*

F. Marshall Wall
mwall@cshlaw.com
Ryan Bostic
rbostic@cshlaw.com
*Counsel for James Haywood Thornton, Andrew Worley, Christopher Godwin, Sampson County, and the Ohio Casualty Insurance Company*

**BUTLER SNOW, LLP**
Scott Lewis
scott.lewis@butlersnow.com
Lance W. Martin
lance.martin@butlersnow.com

*Co-counsel for William Brady*

This the 9th day of November 2026.

/s/ J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General