IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-01676-FL

| | |
|---|---|
| ANTONIO TREY JONES, by and through his Guardian Ad Litem, CHARLES M. BRITTAIN III,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HAYWOOD THORNTON, et al.,<br><br>Defendants. | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL STATUS CONFERENCE**<br><br>Fed. R. Civ. P. 16 |

More than five months after the Court approved the settlement in this civil rights action, and approximately 11 months after this settlement was initially agreed to by the parties, the State's $1,000,000 contribution on Brady's behalf remains unpaid, and Plaintiff has no anticipated payment date. D.E. 90 at 1–2; D.E. 88 ¶¶ 3–5. Brady's response identifies no concrete funding status, completed steps, or remaining approvals. D.E. 90 at 5. Those unanswered questions are the reason for a conference.

Brady's prematurity argument confuses a status conference with an adjudication of breach. Plaintiff seeks information about performance, not a present breach ruling. D.E. 88 ¶ 6. That is no admission of compliance. Rule 16 authorizes conferences to expedite disposition and facilitate settlement. Fed. R. Civ. P. 16(a)(1), (5). The Court also has authority to adopt reasonable procedural measures to manage its docket consistent with governing law. *Dietz v. Bouldin*, 579 U.S. 40, 45–47 (2016).

The funding contingency and the provision that time is not of the essence do not bar an inquiry into funding efforts. The parties agreed to these provisions under the grounds that at the time the State of North Carolina had not passed a budget, but such a budget was subsequently

passed in July 2026. The agreement itself addresses reasonable efforts to secure funding and timely payment processing. D.E. 90 at 2. Asking what has been done and what remains after passage of the budget neither imposes a payment deadline nor decides that funds are available. But neither AIG's separate deadline nor passage of a State budget answers where the process stands.

Status reports likewise would manage this case without changing the parties' bargain. The motion seeks updates from Brady through counsel; it does not seek new payment obligations. D.E. 88 at 3. The proposed order expressly preserves the funding contingency and makes no determination of breach or a payment deadline as of yet. D.E. 89 ¶ 5.

Brady is willing to attend a conference. D.E. 90 at 1–2, 5. Plaintiff respectfully requests the conference and reports sought in the motion. At a minimum, the Court should schedule the conference and decide what further reporting is appropriate after hearing from counsel.

Respectfully submitted this 12th day of November, 2026.

/s/ Robert H. Jessup, IV
Robert H. Jessup, IV
N.C. State Bar No. 42945
HOWARD STALLINGS LAW FIRM
Post Office Box 12347
Raleigh, North Carolina 27605
Telephone: (919) 821-7700
Facsimile: (919) 821-7703
RJessup@howardstallings.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2026, I electronically filed the foregoing Plaintiff's Reply Memorandum in Support of Motion for Judicial Status Conference with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record registered to receive electronic notice.

This 12th day of November, 2026.

/s/ Robert H. Jessup, IV