IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-1676-FL

| | | |
|---|---|---|
| ANTONIO TREY JONES by and through his Guardian Ad Litem, Charles M. Brittain, III,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HAYWOOD THORNTON, individually and in his official capacity; WILLIAM T. BRADY, individually and in his official capacity; ANDREW WORLEY, individually and in his official capacity; CHRISTOPHER GODWIN, individually and in his official capacity; SAMPSON COUNTY; and THE OHIO CASUALTY INSURANCE COMPANY individually and as a subsidiary to Liberty Mutual Insurance Company, as Surety,<br><br>Defendants. | ) | ORDER |

This matter is before the court on plaintiff's motion for judicial status conference (DE 88), with reference to delayed compliance with settlement terms relating to defendant William Brady ("Brady"). It does appear that the court improvidently closed the case June 2, 2026, on the record then developed—and where stipulation of dismissal filed August 4, 2026, signaled litigation remains pending against defendant Brady "until the full amount of settlement funds are received." (DE 87 at 1). To date, those funds have not been received. As a result, plaintiff's motion in that part protesting administrative closure is ALLOWED, where the clerk has been DIRECTED to reopen the case.

The court turns to remaining part of the instant motion. It is not the court's place to insert itself now, for reasons offered by plaintiff, into purported delay by the State of North Carolina in making payment on defendant Brady's behalf. In this remaining part, plaintiff's motion is DENIED.

However, should this case remain on the active docket February 12, 2027, not later than February 19, 2027, the State of North Carolina shall file report showing what cause, if any, exists for its failure by then to make good on the agreed upon settlement. And if, in the interim, plaintiff contends that the State of North Carolina has breached the court's order to "make reasonable efforts to secure funding and process payment in a timely manner," (DE 86 at 8), plaintiff, of course, may file the appropriate motion.

SO ORDERED, this the 13th day of November, 2026.

LOUISE W. FLANAGAN
United States District Judge